## KAEPPLER v. REDFIELD CREAMERY CO.

Where plaintiff, at the time of extending credit to B. for lumber and labor, was advised that defendant corporation would be formed, and that B., who was one of the promoters and became general manager, had been

instructed by those who subseqently became its officers to purchase the lumber, etc., and get the plant ready for operation, and the corporation thereafter accepted the benefit of such contract, it assumed the liability incurred thereby.

(Opinion filed February 7, 1900.)

Appeal from circuit court, Spink county. Hon. A. W. CAMPBELL, Judge.

Action by H. A. Kaeppler against the Redfield Creamery Company to recover for certain labor and lumber. Judgment for plaintiff, and defendant appeals. Affirmed.

*C. T. Howard* and *E. J. Cannon,* for appellant.

*N. P. Bromley,* for respondent.

FULLER, P. J.  This action, to recover for certain labor and lumber, resulted in a judgment for $71.85 in favor of plaintiff, and the defendant appeals. Although every question urged as a ground for reversal has received careful attention, the admission of testimony relating to a ratification by the corporation of the purchase of material and the employment of help by one Henry Braun is the only matter that need be discussed in the opinion.

The evidence rightfully admitted under the complaint, though conflicting, is sufficient to justify a finding by the jury that, about a month before the Redfield Creamery Company was organized as a corporation. and for the purpose of putting its creamery building into a state of repair, the debt sought to be recovered was contracted by Mr. Braun, who, according to a previous arrangement with the promoters and prospective officers of the corporation. became and still continues to be the general manager of the business, and whose acts in reference to the

subject-matter of the action were, if not fully authorized, subsequently ratified by the corporation, whose president agreed to pay the amount claimed. According to a familiar principle, a contract made with promoters, taking preliminary steps to organize a corporation, may be ratified after the corporation comes into existence; and where, as in this case, the benefits of such contract are knowingly accepted and retained by the corporation, it may be required to assume a liability thus incurred. It appears from the evidence that respondent, at the time of extending the credit, was advised that the corporation would be formed, and that Mr. Braun, its general manager, had been instructed by those who subsequently became the officers to purchase the lumber, and get ready for operation, as soon as possible. After, and even before, the organization was effected, the business was carried on in the building where respondent's lumber was used, and the labor sued for was performed, and without which the building would not have been in condition for use or occupation as a creamery. Consequently the burden should be taken with the benefit. Perry v. Railway Co., 44 Ark. 383; Bommer v. Manufacturing Co., 81 N. Y. 468. Assuming that Braun was without power to bind appellant, the fact that it accepted the benefit of his contract with notice of respondent's claim is equivalent to an antecedent request, and amounts to a ratification. Low v. Railroad Co., 46 N. H. 284. The view we have taken of the main question is decisive of the case, and renders a discussion of other points unnecessary. The judgment appealed from is affirmed.