## FRITSCHEL v. GROSSHAUSER et ux.

Plaintiff contracted with a husband to build a house upon property, the title to which was in the wife. He relied in no manner on the property as security, but contracted for collateral security for the entire amount of the contract. The husband failed to comply with the terms of the original contract, but under a supplemental contract deposited the money as agreed in the original contract to the order of plaintiff's bondsmen. **Held,** in an action against both husband and wife to enforce a mechanic's lien against the property and to recover a money judgment against the defendants, that, in the absence of a showing that the wife knew of the husband's failure to put up the collateral security, there was no implied agreement on her part to pay for the building because she knew of its erection; it being presumed that she supposed it was being constructed under the written contract, and there could be no personal judgment against the wife.

There being no contract express or implied with the wife, and the title to the property being in her, plaintiff was not entitled to a mechanic's lien against the property.

Had the title been in the husband, the contractor could not claim a mechanic's lien, since prior to the time of filing the lien he had received collateral security; the deposit of the money subject to the order of the contractor's bondsmen in accordance with the condition of the supplemental contract being security for the payment of the contract price of the house.

Where findings of the trial court are based upon conflicting evidence, they will not be disturbed on appeal.

(Opinion filed, Dec. 1, 1909.)

Appeal from Circuit Court, Mead County. Hon. W. G. Rice, Judge.

Action by Henry E. Fritschel against Emil Grosshauser and wife. Judgment for plaintiff, and defendants appeal. Modified in part, and, as modified, affirmed.

*Wesley A. Stuart,* for appellants. *Polk & McNenny,* for respondent.

WHITING, J.   This case was tried to the court without a jury, and the court, having refused the findings and conclusions asked for by the defendants, made and entered findings and conclusions favorable to the plaintiff, and rendered its judgment based thereon.   The defendants moved for a new trial, and, this motion having been denied, they have appealed to this court from said judgment and order denying a new trial.

The action is one wherein the plaintiff, claiming to have constructed a dwelling house for the defendants, and having filed a mechanic's lien against said house and land on which same was situated, is seeking to enforce such mechanic's lien, as well as recover a money judgment against the defendants.   The findings of the court are in brief as follows:   That the plaintiff and defendants on or about October 15, 1906, entered into a building agreement for the construction of the dwelling house in question on land which was at that and all times since the property of the defendant Della Grosshauser.   That between October 18, 1906, and the early part of December, plaintiff, under his agreement and with full knowledge and consent of both defendants, performed necessary labor and furnished material for the construction of said building of the actual and reasonable value of $1,273.56. That defendant paid plaintiff on account of said work and material $400 and no more.   That early in December, 1906, plaintiff discontinued work on building, and thereafter defendants paid out on account of materials furnished by plaintiff the further sum of $135.10.   That on January 22, 1907, plaintiff filed mechanic's lien against land and building and expended $5.50 therefor.   That there remained as due plaintiff $726.90, with interest at 7 per cent. from January 22,1907.   That, immediately after the preliminary agreement between plaintiff and defendants, the plaintiff and Emil Grosshauser entered into a written contract, the parts thereof material to this case being as follows:   Exhibit A:   "Building Contract.   This agreement, made and entered into this 18th day of October, 1906, by and between H. E. Fritschel, of the county of Meade and state of South Dakota, party of the first part, and Emil Grosshauser, of the county of Meade and state of South Dakota, party of the second part, witnesseth:   That for and in considera-

tion of the sum of twelve hundred and twenty-five ($1,225) dollars, to be paid as hereinafter specified, by the party of the second part, the party of the first part hereby agrees to furnish all material and labor, and construct a dwelling house on the lots now owned by the party of the second part in Sturgis, South Dakota. Said dwelling house to be constructed according to and patterned after design No. 38 in the Radford Ideal Homes plan book on page twenty-one (21) with the exception hereinafter specified, and according to the specifications hereinafter contained, to wit: * *

Second party agrees to pay for the labor, material and construction of said dwelling house the sum of twelve. hundred and twenty-five ($1,225) dollars, to be deposited in the Meade County Bank of Sturgis, South Dakota, by the said second party upon the execution of this agreement, subject to the check of said first party for labor and material, according as the construction of said dwelling house progresses. Said first party to furnish bonds in the sum of twelve hundred and twenty-five ($1,225) dollars as security for the faithful performance of this contract, said bonds to be exonerated upon the acceptance of said dwelling house by second party. It is further agreed that this contract does not include wiring, plumbing or painting of said dwelling house. Executed in duplicate by the parties hereto the day and year above written. H. E. Fritschel. Emil Grosshauser. Witnessed by M. R. Robbins, Percy H. Helm." That Emil Grosshauser had no interest in premises except as husband of Della Grosshauser, and plaintiff did not know that Emil Grosshauser did not own said propery. That Emil Grosshauser never complied with any of the terms of the written contract. That about October 30, 1906, Emil Grosshauser and plaintiff entered into a supplementary contract in words and figures as follows: Exhibit B: "Whereas Henry Fritschel of Sturgis City, S. D., and Emil Grosshauser, of the same place, have heretofore entered into a building contract whereby said Fritschel was to erect a certain building for said Grosshauser, and whereas, disputes have occurred between said parties as to the time and terms of payments to be made by said Grosshauser, and to settle said disputes: It is hereby agreed by and between said parties that on the 30th day of November, 1906, or as soon there-

after as convenient, Henry Fruth, one of the bondsmen for said Fritschel, on said building contract, shall and will estimate the proportion of the work done and material on hand by said Fritschel on and for said building, and allow him therefor such sum as he thinks proper, having in mind the amount of work to be done, material furnished to complete the building, which said sum said Grosshauser is to consent to, and endorse his consent thereon and pay, and it is further agreed that hereafter as the work on said building progresses the said Fritchel shall demand of said Fruth a further estimate of the work done and material on hand, and Fruth is to allow and pay the same out of the money belonging to said Grosshauser in the Commercial National Bank; and when the building is completed according to the terms of said contract, said Fruth is to cause the same to be paid out of the money of Grosshauser put in his name for that purpose, at or before the execution of this instrument, and said Henry Fruth is hereby authorized to make payments from said money at any time he feels justified in doing so, for the purchase of material. This agreement does not qualify any of the agreements heretofore entered into by said parties in relation to this matter, but is in addition thereto. H. E: Fritschel. E. T. Grosshauser. Dated the 30th day of November, 1906. M. McMahon, Witness." That at the time of making this last contract Emil Grosshauser had paid plaintiff nothing on said building, but agreed to pay over the money if this supplementary contract was executed. That Emil Grosshauser never secured the estimate to be made as provided in said supplementary contract, and Henry Fruth, therein named refused to make the estimates when requested by plaintiff to make them, and never made any estimates at all. That the building was not constructed according to the plans provided for in the original written contract, but was built on a larger scale of different materials and on different lines, clearly increasing its cost, which changes were made at the request and direction of both defendants. That Della Grosshauser was frequently at the building and directed the work. That plaintiff ceased work on the building at direction of Emil Grosshauser, and that other parties were employed to

finish the construction of said building. That the premises were not the homestead of either of the defendants.

Among the findings requested by the defendants were findings to the following effect: That plaintiff and Emil Grosshauser on October 18, 1906, entered into the written contract above quoted; that there was never any contract between plaintiff and defendant Della Grosshauser in relation to such building; that soon after October 18th the plaintiff entered upon the performance of such written contract, and continued thereunder until about December 3, 1906; that on November 28, 1906, the plaintiff, with Henry Fruth and another, as sureties, executed and delivered to defendant Emil Grosshauser an indemnity bond conditioned to save Grosshauser harmless from mechanic's lien against the building; that at the time the supplemental contract, above quoted, was executed, the house was inclosed sheathed, roofed, and partitions placed therein and partly lathed; that no changes whatever were made in the plan of said building after the execution of the supplemental contract of November 30th; that, upon the execution of such supplemental contract, Emil Grosshauser immediately placed under the control of Henry Fruth the full sum of $1,225, under the provisions of such supplemental contract; that plaintiff abandoned the construction of such building, and, though requested to continue the same by his bondsmen and Emil Grosshauser, plaintiff refused to do so; and that thereafter the said bondsmen completed the building paying in construction thereof the full sum of $1,225, including the $400 paid plaintiff. Some other findings are requested by defendants but they are not material for the purposes of this opinion.

No useful purpose would be subserved by a recitation in detail of the evidence herein, but the following facts seem to us to conclusively appear from the testimony herein: Some time in September, 1906, there was some preliminary talk between plaintiff and defendants regarding the erection of the building, but no contract was entered into until the written contract of October 18th, and the construction of said building was under such written contract (it will thus be seen that there was never any contract between plaintiff and Della Grosshauser). Emil Grosshauser

wholly failed to make the deposit of money as agreed in the contract of October 18th. Changes were made in the plans of said building by mutual agreement of the parties, which changes were all agreed upon and made prior to November 30th. There arising a dispute between the parties in regard to payments, the supplemental contract was entered into for the purpose of settling all further controversy, and immediately on execution of the same Emil Grosshauser deposited the $1,225 to the order of Fruth in the bank that was agreed upon, and soon thereafter the $400 was paid plaintiff by Fruth. That, after plaintiff quit the job, he was requested by his bondsmen to complete the same and refused to do so, whereupon the bondsmen completed the building, and in doing so necessarily used the balance of the $1,225. The evidence is conflicting as to whether plaintiff was justified in quitting work, and as to whether the changes in the plan of said building increased the cost thereof.

It is clear from the above that the court should have made some of the above findings, asked for by the defendants. The question therefore arises whether, under such changes in the findings, the conclusions and judgment would have been different. The court concluded that plaintiff was entitled to a personal judgment for the $723.96 and interest against both defendants and to a lien against the property. Appellants contend, first that the plaintiff was not entitled to any personal judgment against either of the defendants; second, that, if entitled to a personal judgment against Emil Grosshauser, plaintiff would not be entitled to one against Della Grosshauser; and third, that having taken collateral security, plaintiff was not entitled to a mechanic's lien. It is clear that the trial court, in order to find both defendants liable, must have found that the contract under which this building was erected was made with both defendants, or else that, so far as Della Grosshauser was concerned, there was an implied liability. We think that the court was in error in either of these conclusions. The preliminary conversation and agreement never took the form of a contract and was never acted upon as such, and whatever talk was had in September was wholly merged in the written contract of October 18th, which was between plaintiff and Emil Gross-

hauer only. In passing, we wish to note that there was absolutely no evidence to support the finding that the plaintiff did not know that the title to the premises was in Della Grosshauser. There was no finding, nor was there any evidence, upon the question as to whether Della Grosshauser knew that her husband had failed to comply with the provisions of the original written contract, and, so far as this case stands, under the evidence, the plaintiff entered into a contract with the husband, under which, it is apparent, he relied in no manner whatsoever on the property as security, for the reason that he contracted for collateral security to the entire amount of the contract. Plaintiff was relying entirely upon this collateral security and the personal responsibility of Emil Grosshauser. So far as plaintiff was concerned, it became absolutely immaterial to him as to who was the owner of the land. Without some showing that Della Grosshauser knew of the failure to put up the collateral security, there can arise no implied agreement on her part to pay for the building simply because she knew of its erection; it being presumed that she supposed it was being constructed under the written contract between plaintiff and her husband. There was therefore no basis for any personal judgment against defendant Della Grosshauser. Inasmuch as there was no contract, express or implied, with Della Grosshauser, and the title to this land was in her, it follows that plaintiff was not entitled to a mechanic's lien against this property. But, under the facts in this case, even if the title to this land had stood in Emil Grosshauser, the plaintiff could not claim a mechanic's lien, for the reason that prior to the time of filing such lien he had received collateral security. Regardless of the failure of Emil Grosshauser to deposit the money as agreed upon in the original contract, yet, when he did deposit the money subject to the order of plaintiff's bondsmen, in accordance with the conditions of the supplemental contract, such deposit became security for the payment of the contract price for the erection of the building, and destroyed plaintiff's right to a mechanic's lien. Allis Co. v. Madison, etc., 9 S. D. 459, 70 N. W. 650; Harrison, etc., v. Council Bluffs Waterworks Co, 25 Fed. 170. There is a direct conflict in the evidence on the questions of whether or not the changes in

the plans increased the expenses of the construction of the building, and was to be paid for by the defendant Emil Grosshauser, and also as to whether the plaintiff was justified in stopping work when he did and refusing to finish said building, so that this court feels unwarranted in disturbing the findings of the lower court in regard to these matters. It is therefore the order of this court that the trial court in conformity with this opinion enter its judgment modifying its former judgment, dismissing the action as against the defendant Della Grosshauser, denying the right of plaintiff to a mechanic's lien against the property in question, but giving plaintiff a personal judgment as against the defendant Emil Grosshauser in the same sum as in the judgment appealed from.

It is the further order of this court that the appellants be allowed their costs on this appeal.

CORSON and McCOY, JJ., dissent.