FLOETE LUMBER COMPANY, Respondent and Cross-Appellant, v. HODGES et al., Appellants.

(143 N. W. 949.)

1. **Homestead—"Dwelling House"—Sufficiency of Structure.**

   Any structure which is sufficient for debtor and his family to actually live in for six months, including winter months, is sufficient for the purpose of establishing the homestead exemption right, within the homestead exemption law.

2. **Same—Property Exempt—Amount—Mechanic's Lien.**

   If a homestead consists of a tract of thirteen acres, with a dwelling house thereon, the whole of it is exempt as such, from a mechanic's lien claim, and would be so exempt whether it consisted of one or thirteen acres.

3. **Mechanic's Lien—Land Not Occupied by Dwelling House.**

   Where defendant owned a tract of thirteen acres of land, on some part of which the dwelling house of himself and family was situated, held, that if his homestead consisted of but one acre of said tract, including the dwelling house, plaintiff's claim of mechanic's lien for materials furnished to be used upon the dwelling house, would not attach to any part of the tract outside of the homestead acre, since it is the use of materials and construction of a building on the particular land that authorizes a statutory mechanic's lien.

(Opinion filed November 18, 1913.)

Appeal from County Court, Charles Mix County. Hon. ROBERT B. TRIPP, Judge.

Action by the Floete Lumber Company against Harry Hodges and wife and the Farmers' State Bank, to foreclose a mechanic's lien. From a judgment in part for plaintiff, defendant Hodges and his wife appeal, and plaintiff takes a cross-appeal. Reversed and remanded on defendants' appeal, and affirmed on plaintiff's appeal.

*E. P. Wanzer, R. B. LeCocq,* for Plaintiff and Cross-Appellant.

A house is such a habitation as is usually inhabited by human beings belonging to the same race and same standard of civilization as those who enacted the law in question. A mere basement is not a house within the meaning of the statute. At the time the materials were being furnished, the defendants were occupying the basement with the same intention and purposes as one would a tent or a covered wagon on certain premises, merely as a temporary abode, and with the determination to make the building newly erected their permanent home and residence.

The homestead character was, therefore, not impressed upon the premises until the building was completed and there was a house as provided in the statute. And before such house was completed and the premises occupied as and for a homestead, the intent and use combined, the mechanic's lien had already attached.

If, however, this court should hold that the defendants are entitled to set up a claim of homestead, they can do so only as to one acre and the dwelling.

*P. E. Roadifer,* and *J. E. Tipton,* for Defendants-Appellants.

Defendants-appellants are entitled to the whole of said property, including the buildings, as exempt to them as their homestead, and not merely one acre. Secs. 3215, 3224, Pol. Code; Chap. 136, Laws of 1909.

No part of this tract was included in the platted town. Foster v. Rice, 101 N. W. 772; Parrott v. Theil, 90 N. W. 745.

McCOY, J. This case was tried to the court without a jury upon an agreed statement of fact, and findings and judgment rendered in favor of plaintiff, from which the defendants Harry and Jessie Hodges appeal. It appears that the defendant Harry Hodges is the owner of about 13 acres of land, in one parcel, and mostly situated within the corporate limits of the city of Platte, but which parcel of land has never been subdivided into town lots or blocks; that said Harry Hodges entered into a written contract with Wiggins & Branson, contractors, to erect and construct a dwelling house upon said parcel of land, the said Wiggins & Branson agreeing to furnish all building materials to be used. Wiggins & Branson entered into a contract with plaintiff

to furnish such materials, and lumber and material to the value of about $1,124 were furnished by plaintiff.  Wiggins & Branson failing to pay for such materials, plaintiff filed a mechanic's lien against said building and the said 13 acres of land upon which the same was situated.  This suit was instituted to foreclose such mechanic's lien.  The defendants Harry and Jessie Hodges answered, alleging that said premises was a homestead.  It appears that Harry Hodges was a married man, the head of a family, and that he and his wife, defendant Jessie Hodges, together with their minor children, for about six months prior to the entering into said building contract with Wiggins & Branson had resided in the basement, situated upon said land, upon which said dwelling house was afterwards constructed, and immediately upon the construction of said dwelling house occupied the same, and claimed the same and the whole of the said 13 acres as an exempt homestead.  The court found as a conclusion of law that plaintiff was entitled to a mechanic's lien upon said land, "except upon defendants' homestead, not to exceed one acre of ground on which the dwelling house and improvements are situated," and entered judgment accordingly, from which findings and judgment the defendants Harry and Jessie Hodges appeal.

[1] Plaintiff has also taken a cross-appeal from the same finding and judgment. We will first take up the appeal taken by plaintiff.  It is the contention of plaintiff that at the time Harry Hodges entered into the contract with Wiggins & Branson the said 13 acres of land, or any part thereof, was not the homestead of said Hodges; that there was not then situated upon said land at that time a dwelling house within the meaning of the homestead law. It appears that said contract was made in April, 1910, and that during the six months immediately prior thereto said defendants with their children had resided upon said land in the structure called a basement, upon which a dwelling house was afterwards constructed.  It is the contention of plaintiff, appellant, that this basement did not constitute a dwelling house sufficient to establish a homestead right.  We are of the opinion that this contention is not tenable.  We are of the opinion that any structure which is sufficient for the debtor and his family to actually reside in for six months, including the winter months, is sufficient for the pur-

poses of establishing the homestead exemption right.  The judg-ment and finding on plaintiff's appeal are affirmed.

[2, 3] Whether the Hodges' homestead consisted of one or 13 acres, we are of the opinion that no part of said 13 acres is covered by plaintiff's purported mechanic's lien.  If such home-stead consists of 13 acres it is all exempt from plaintiff's lien.  If it consists of only one acre on which the house was erected, and on which the materials were used, then no building or materials were placed or furnished for use on any part of the land outside of the homestead one acre, and it therefore necessarily follows that a mechanic's lien could not attach to any part of the land out-side the homestead one acre, for the reason that a mechanic's lien will not attach to land on which no buildings are constructed or no materials used.  It is the use of materials and the construction of a building on any particular land that authorizes, under the statute, a mechanic's lien against such land.

The judgment and finding appealed from by defendants Hodges are reversed and the cause remanded, with directions that judgment be entered in favor of these defendants as to the entire tract of 13 acres of land.