ATLAS LUMBER COMPANY, Appellant, v. SEMMLER et al, Respondents.

(205 N. W. 376.)

(File No. 5458.  Opinion filed October 2, 1925.)

1. **Mechanics' Liens—Homesteads—Valuation of Homestead Immaterial Where Lien Arose Prior to Law Affecting Rights in Homestead.**

In action to foreclose mechanics' lien, where lien transaction arose when Rev. Code 1919, Sec. 1644, read that it should not extend to rights in any homestead, finding as to value of homestead is immaterial, being before the amendment in Laws 1921, c. 280, providing lien should extend to homestead above exemptions.

**2.   Mechanics' Liens—Actions—Lien Attaches Only upon Subdivision of Land upon Which Material Is Placed.**

In action to foreclose mechanic's lien, where the material was placed upon one quarter section, the lien did not attach to the whole half section, even though it was used as one farm, since lien extends only to the building and so much of the land upon which it is situated as is necessary to convenient use and occupation, notwithstanding Rev. Code 1919, Sec. 1643.

Appeal from Circuit Court, Edmunds County; Hon. J. H. Bottum, Judge.

Action by the Atlas Lumber Company against Jacob Semmler and another. From a judgment for defendants, Plaintiff appeals. Affirmed.

*Sterling, Clark & Grigsby,* of Redfield, for Appellant.

*J. M. Berry,* of Ipswich, for Respondent.

(1)   To point one of the opinion, Appellant cited: Keim v. Rand, 37 S .D. 408; Lumber Company v. Janisch, 44 S. D. 42.

Respondent cited: Jensen v. Griffin et al, 41 S. D. 30; Hollister v .Sweet et al, 32 S. D. 141; Betcher Co. v. Cleveland, 13 S. D. 628.

(2)   To point two, Appellant cited: In re Long, 86 Atl. 104; Lindsey v. Gunning, 11 L. R. A. 553.

Respondent cited: Flote Lumber Co. v. Hodges (S. D.), 143 N. W. 949.

GATES, J.   This action was brought to foreclose a mechanic's lien upon the north half of a section of land owned by defendant Semmler.   The trial court found that the northwest quarter of the section was Semmler's homestead; that the materials furnished for which the lien was claimed were all placed upon the homestead quarter; that its value was only $5,000, and therefore wholly exempt; that no part of the lien attached to the northeast quarter of the section; that the whole premises were mortgaged to the extent of $5,900; and that Snyder's deed, executed and delivered within 90 days after the last item of material was furnished but before the lien was filed, was in reality a mortgage in trust for a bank as collateral security.   Judgment was entered denying plaintiff's lien upon any of the land.   Plaintiff appeals from the judgment and order denying new trial.

[1]   Appellant contends that the court erred in finding the

value of the homestead to be only $5,000, and claims that the preponderance of the evidence showed a value in excess thereof. The lien transaction arose when section 1644, Rev. Code 1919, read, "It shall not extend to nor affect any rights in any homestead," and before that language was changed by chapter 280, Laws 1921, to read, "It shall not extend to nor affect any rights in any homestead, so far as the same is exempt from levy and sale on execution." It is therefore immaterial what the value of the homestead was. Robt. Burns Lbr. Co. v. Peterson, 48 S. D. 92, 202 N. W. 387.

[2] The next contention is that the court erred in excluding the northeast quarter of the section from the operation of the lien. It is urged that, inasmuch as the whole half section was used as one farm, the lien attached to the whole pursuant to the language of section 1643, Rev. Code 1919, which provides: "Shall have a lien upon said improvement and upon the land on which it is situated."

We find no precedents from Minnesota, from which state we adopted our mechanic's lien law in 1913 (Laws 1913, c. 263), because there no homestead right exists as against a mechanic's lien ,and the amount of land covered by the lien is regulated by statute. The general rule seems to be that the lien extends to the building and so much of the land upon which it is situated as is necessary to its convenient use and occupation. 27 Cyc. 221. Under that rule, and especially in view of the decision in Floete Lbr. Co. v. Hodges, 32 S. D. 557, 143 N. W. 949, under the lien law as it existed prior to 1913, we cannot say that the trial court erred in excluding the northeast quarter of the section from the operation of the lien.

The judgment and order appealed from are affirmed.

Note.—Reported in 205 N. W. 376. See, Headnote (1), American Key-Numbered Digest, Mechanics' Liens, Key-No. 6, 27 Cyc. 22; (2) Mechanics' Liens, Key-No. 182, 27 Cyc. 221.