ANDERSON, Appellant, v. DUNN, Respondent
(Belle Eldridge Gold Mines, Inc., Garnishee Defendant)

(4 N. W.2d 810.)

(File No. 8497. Opinion filed June 29, 1942.)
Rehearing Denied August 29, 1942

**James McNenny,** of Deadwood, for Appellant.
**Gale B. Wyman,** of Deadwood, for Respondent.

ROBERTS, J. Plaintiff brought this action to recover the amount of $250 alleged to have been loaned to defendant. Findings, conclusions and judgment were in favor of defendant. From this judgment and denial of application for new trial, plaintiff appeals.

The sole question in this case is whether the evidence is sufficient to sustain the findings. Five checks, each for $50, drawn to the order of defendant were offered and received in evidence. Plaintiff, the alleged assignee of claims based on the checks, proved that the instruments were delivered to defendant; that they were paid in due course; and that defendant received the proceeds. Defendant called as an adverse witness testified that the drawers of the checks were not indebted to him and letters offered by plaintiff for the purpose of showing the nature of the transactions were received in evidence. A letter written by the defendant to R. B. Anderson reads in part as follows: "We have to appear in Parker the 17th. and I need money bad—want you to send me $200 offering you 2½ to one or 500 shares of my personal stock—We can beat this thing hands down —Even high sources down there admit that—It's only a

few soreheads who are causing the whole trouble. If you really wish to help the cause along do this and give us the chance to pull this thing through the way it should be. From the looks of things and the information I have it is very reasonable to believe that the whole thing will be settled and over with at this hearing. But we've got to be there."

So much of the letter replying thereto as is relevant reads: "With the present setting of the company and the uncertainty of everything, even tho you win, just at this time, I would not be interested in buying any Belle Eldridge Stock at any discount, so consider this merely a personal favor to one in need of help just now. You will receive checks in the amount of $50.00 from Brother M. O. of Bethany Mo.—Brother A. O. at Sac City Iowa, and my nephew T. Maxwell Anderson—19 Bank St New York City. As temporary, self appointed 'chairman' of the Anderson Group, I do not wish this to be construed as being partial, and taking sides. We are willing to help see that rights, (whatever they may eventually determine) are established."

The trial court found that these checks did not represent loans of money and as appears from other findings came to this conclusion because the circumstances negatived the belief that the checks represented loans. The drawers of the checks and defendant were interested in the Belle Eldridge Gold Mines, Inc., and this company as appears from the evidence was involved in litigation. The checks were sent to defendant after he had written the letter to R. B. Anderson stating that he was in need of funds to attend a hearing in the case involving the company. There was no suggestion in the correspondence between the drawers of the checks and the defendant that the proceeds from the checks were intended as loans.

 Plaintiff has cited and relies on two decisions of this court (Siems v. Pierre Savings Bank, 7 S. D. 338, 64 N. W. 167; Knott v. Kirby, 10 S. D. 30, 31, 71 N. W. 138) to sustain the contention that recovery may be had in the ab-

sence of proof of privity of contract. There is a clear distinction between the instant case and the cases cited. Plaintiff in the present action sought recovery based on the allegation that the amount of the checks was loaned to defendant. The burden was on plaintiff to prove a contract, expressed or implied, for repayment. The only difference between an express contract and an implied contract is that in the former the parties arrive at their agreement by words either oral or written, while in the latter their agreement is arrived by consideration of their acts and conduct. Werre v. Northwest Thresher Co., 27 S. D. 486, 131 N. W. 721. They differ in the character of evidence necessary to establish the contract. From an examination of the cases cited by counsel, it will be found that the actions were not based on contracts. The plaintiff in each of these cases sought to recover for money had and received and this court in effect held that no proof of privity between the parties in relation to the money sought to be recovered except that which arises by implication of law from the fact that the defendant has money belonging to plaintiff which he has no right conscientiously to retain was required. Action was maintained not on an implied agreement to repay money, but on a constructive or quasi contract founded on a duty to return.

In Nay et al. v. Curley, 113 N. Y. 575, 21 N. E. 698, 699, cited by plaintiff, it was contended that the circumstances under which the check was given by plaintiff intestate to defendant lead to the conclusion that it represented a loan. The court said: "It is conceded, and it is undoubtedly the general rule, that in the absence of explanation the presumption arising from the delivery of a check is that it was delivered in payment of a debt, and not as a loan. Koehler v. Adler, 78 N. Y. 287; Poucher v. Scott, 98 N. Y. 422. But a check may represent a loan, or a gift, or money of the drawer, to be applied by the drawer to the use of the former as his agent or otherwise. The plaintiffs proved that the check was delivered by their intestate to the defendant, the payee, on the day of its date, * * * its endorsement by the latter, and that it was paid in due course, and that the defendant received the proceeds. Up to this point no cause of action had been established."

It appears from the opinion that defendant called as a witness for the plaintiff testified that decedent owed him no money. Referring to this testimony, the court said: "This made out a prima facie case of a loan. It rebutted the presumption that the check was given in the payment of a debt. This could not have been the nature of the transaction if there was no debt owing by the intestate to the defendant. The plaintiffs, by their evidence, repelled the presumption which would otherwise have arisen, and created the alternative presumption that the check represented a loan."

██ The presumption referred to is in reality an inference of fact to be drawn from the evidence. Ann. Cas. 1913D, page 1204; Wigmore on Evidence, 2d Ed., § 2491. There is no direct evidence of a promise to repay. The correspondence between the drawers of the checks and defendant is as susceptible of an inference that they intended to make contributions to their business associate to defray expenses in the litigation in which they were interested as that the checks represented loans. The facts being as consistent with one as with the other inference, plaintiff has failed to establish a case. Erickson v. Todd et al., 62 S. D. 280, 252 N. W. 879.

█ It is contended that defendant failed to prove a gift or other affirmative defense. The only issue was whether the checks represented loans. If defendant had given notes and sought to avoid promises to pay by asserting a gift or other affirmative defense, a different situation would have been presented. Defendant claimed that there were no promises, either express or implied, to repay. The burden was on plaintiff to sustain the issue or fail in his action.

The judgment and order appealed from are affirmed.

All the Judges concur.