ST. JOHN'S FIRST LUTHERAN CHURCH, Plaintiff and
Cross-Appellant v. STORSTEEN, Appellant

(84 N.W.2d. 725)

(File Nos. 9623, 9635. Opinion filed August 23, 1957.)

Rehearing denied September 13, 1957.

34

**F. Stearns Tait,** Milbank, for Defendant and Appellant.

**Bicknell, Holland & Delaney,** Webster, for Plaintiff and Cross-appellant.

RENTTO, J.   This is a quiet title action instituted pursuant to the provisions of SDC 37.15 by the plaintiff church, a religious corporation, involving the real estate which is its church structure. By his counterclaim the defendant asked judgment in the sum of $783.37 for services and materials furnished by him in the construction of the foundation and basement of the church and in placing the building thereon. He also sought enforcement of a statutory mechanic's lien which he claimed for the value of the items furnished.

█   The trial court quieted the title of the church but awarded the defendant a judgment for $283.37 and granted foreclosure of his mechanic's lien.   The defendant as appellant appeals only from that part of the judgment which awarded him $283.37, contending that he should have been allowed all that he asked—the sum of $783.37.   The church as cross-appellant appeals only from that part of the judgment which awarded the defendant $283.37 and granted foreclosure of his mechanic's lien. It is the claim of the church that the defendant has no right to a statutory mechanic's lien and that he is entitled to no recovery in this action.   Another portion of the judgment is questioned by appellant in his assignments of error and argument, but the limited scope of his appeal eliminates this from our consideration. SDC 33.0703;   First National Bank of Aberdeen v. Cranmer, 42 S.D. 404, 175 N.W. 881.

In October 1952 the defendant and 35 other members, by resignation, terminated their membership in the American Lutheran Church and formed a new church known as St.   John's First Lutheran Church.   This group remained an unincorporated association until February 19, 1954 when it was incorporated as St. John's First Lutheran Church in Milbank, South Dakota.   The defendant was very active and influential in the unincorporated association. He was chairman of the meeting at which its officers were elected and acted as chairman of the organization and of the congregation and its building committee.   While

he remained a member of the church after its incorporation he was not active in its affairs.

Three other members served with the defendant on the building committee. Through its efforts lots were secured and a church structure acquired and moved thereon. This was done when the church was an unincorporated association. The title to the property was originally in the church trustees. During the period of construction they, at the suggestion of the defendant, conveyed it to the association. The plaintiff corporation acquired it before the commencement of this litigation. The members of the building committee appear to have been the most active members of the association and the largest contributors of financial support. While their contributions of money were somewhere near equal, defendant was the most active member of the committee. In addition to contributions of money each of the members of the committee, as well as other members of the association, contributed labor and material in varying amounts in getting their new church home ready for use by the association. The materials and services so furnished by the defendant are the basis of his claim in this action.

Defendant in his counterclaim alleges that the items for which he claims a lien were furnished under an implied contract. There is no contention that he did so under an express contract. It is the position of the church that the items involved were not furnished under a contract either express or implied, but that they were furnished as a voluntary contribution with the understanding that defendant would be reimbursed only for the materials furnished if and when funds for this purpose were available. The court found that the defendant voluntarily contributed to the association the items for which he claims a lien. It further found that the work, labor and material so contributed by the defendant were knowingly accepted, retained and used by the corporation after its formal incorporation. On these findings it concluded that defendant was entitled to judgment against the church corporation and awarded him a statutory mechanic's lien.

The church assigns this as error contending that the conclusions and judgment are not substained by the findings.

Mechanics' liens are a statutory creation. SDC 39.07. Under the provisions of our law it is essential that the items for which a lien is claimed be furnished under a contract either express or implied. Fritschel v. Grosshauser, 24 S.D. 129, 123 N.W. 698; Squier v. Mitchell, 32 S.D. 342, 143 N.W. 277; Keeley Lumber and Coal Co. v. Dunker, 76 S.D. 281, 77 N.W.2d 689. . There is no distinction in legal effect between an express contract and an implied contract. An implied contract is a true contract and must contain all the elements of an express contract. The distinction between them is in the way in which mutual assent is manifested. In an express contract the terms are stated by the parties. In an implied contract they are inferred from the circumstances. SDC 10.0601.

However, implied contracts must be distinguished from quasi contracts. Unlike true contracts quasi contracts are not based on the apparent intention of the parties. They are obligations created by law for reasons of justice as a remedy. They are sometimes said to be contracts implied in law to distinguish them from implied contracts which on occasions are denominated contracts implied in fact. Some authorities refer to them as constructive contracts. Anderson v. Dunn, 68 S.D. 479, 4 N.W.2d 810; Williston on Contracts, Rev. Ed. Vol. I, § 3; 17 C.J.S. Contracts § 4; 12 Am.Jur.,Contracts, § 6; Restatement of Contracts § 5. While under proper circumstances a quasi contract may be the basis for an equitable lien, this concept will not support a mechanic's lien under our statute.

Ordinarily where services or materials are furnished by one person for another, which are knowingly and voluntarily accepted, without more, it is inferred that they were given and received in the expectation of being paid for, and a promise to pay their reasonable worth implied. However, the sweep of this rule is qualified by the circumstances existing between the parties. Here the relationship between them is such as to render the rule inoperative. The decision of the trial court does not determine that the items involved were furnished under a contract

either express or implied. Rather, it found that the several members were working together to advance a cherished charitable purpose making voluntary contributions of money, labor and materials. Such circumstances repel the conclusion that compensation was intended. A reasonable man viewing the matter in the light of these findings would rather suppose that the items in dispute were being furnished gratuitously. Williston on Contracts, Rev.Ed. Vol. I, § 36; Anno. 54 A.L.R. 548; SDC 10.0324. Since the items involved were not furnished under a contract the defendant was not entitled to a mechanic's lien.

■■ In awarding the defendant a statutory mechanic's lien and a personal judgment against the church the trial court apparently did so on the theory of quasi contract. Receipt of benefits which it is inequitable to retain without paying therefor is the essence of quasi contractual obligation. This is sometimes spoken of as the doctrine of unjust enrichment. It is clear that the plaintiff church was enriched by the contribution of the items involved, but this fact alone is not sufficient to make the church liable therefor under the quasi contract concept. In addition it must also appear that it is unjust for the church to retain the benefits without payment. That feature is not here present. These benefits were voluntarily conferred. Consequently it cannot be said that their retention is unjust. Restatement, Restitution §§ 1 and 113. That defendant subsequently chose to make a charge for the items furnished does not make the church liable.

Defendant leans heavily on the holding of this court in Kaeppler v. Redfield Creamery Co., 12 S.D. 483, 81 N.W. 907. In doing so he overlooks the fact that the items there involved were furnished under a contract with the promoters of the corporation and that this contract the corporation subsequently ratified. These elements are not present in the case under review. That part of the judgment appealed from by the church under its cross-appeal is reversed.

All the Judges concur.