**AMERT CONSTRUCTION COMPANY, a corporation, Plaintiff and Appellant,**

v.

**Clifford E. SPIELMAN and Evelyn J. Spielman, Defendants and Appellees,**

and

**Guy Emery Spielman, James V. Berg, Don A. Berg, Ruth E. Witte, Clayton Berg, Carol V. Berg Brantner and Northwestern National Bank of Sioux Falls, Defendants.**

No. 13816.

Supreme Court of South Dakota.

Considered on Briefs Jan. 20, 1983.

Decided March 23, 1983.

Rehearing Denied April 28, 1983.

Jerome B. Lammers of Lammers, Lammers, Kleibacker & Casey, Madison, for plaintiff and appellant.

Thomas M. Issenhuth of Arneson, Issenhuth & Gienapp, Madison, for defendants and appellees.

HENDERSON, Justice.

### ACTION

This is a civil appeal arising from foreclosure of a mechanic's lien involving a quarter section of land in Lake County. Appellant filed and recorded a mechanic's lien and Notice of Lis Pendens on December 18, 1980. Suit was filed to foreclose the lien on May 27, 1981. Two defendants, Guy Spielman and Northwestern National Bank, did not answer or appear. Judgment was entered against Guy Spielman in the amount of $82,146.80 plus costs and interest. Northwestern National Bank was found to have a valid mortgage lien on the subject real estate. Guy Spielman and Northwestern National Bank are not parties to this appeal. This case was tried to the court and judgment was entered on April 7, 1982. This judgment restricted foreclosure of the mechanic's lien to approximately four to five acres rather than the 160 acres upon which the lien was filed. We reverse and remand this restrictive judgment.

### FACTS

This case centers around the scope of a mechanic's lien. Amert Construction Company (appellant) entered into a written contract with Guy Spielman, the adult son of Clifford and Evelyn Spielman (appellees). Appellees were present at the signing of the contract. Appellant agreed to construct a sizeable building for Guy's planned trucking business on the Southeast Quarter (SE ¼) of Section Thirty-two (32), Township One Hundred Six (106), Range Fifty-two (52), Lake County, South Dakota. Ap-

pellant asserts Guy told its employees that Guy owned the land in question. Guy denies ever stating he owned the property. At the execution of the contract, appellant was unaware of the precise location of the building on the quarter section.

When the contract was entered into, record owners of the quarter section were James V. Berg, Don A. Berg, Ruth E. Witte, Clayton V. Berg and Carol V. Berg Brantner. Their interests were subject to a contract for deed to Clifford Spielman and Evelyn Spielman and a mortgage of the Spielmans to the Northwestern National Bank. Consideration for the contract for deed was paid in full in 1979, resulting in issuance of a warranty deed to the Spielmans. This deed was eventually filed in July of 1981. Therefore, the trial court dismissed the original record owners from this action.

Appellant began construction of the building with the full knowledge and acquiescence of appellees Spielmans who lived across the road from the building site and frequented the job site daily. Guy arranged financing for his trucking complex through a Las Vegas, Nevada investment firm. The project, via Guy's commitment with the investment firm, was to use twenty acres of the quarter section. Appellees paid a "commitment fee" to the investment firm. Financing for Guy's project did not materialize. Meanwhile, appellant had completed $82,146.80 worth of construction work which included: engineering, grading, 99% of the extensive concrete work, door guards, a 6,000-gallon oil tank and installation, an electrical panel, bathroom rough-ins, a septic system, and an under-floor exhaust system. Appellant was unable to obtain any payment for its work. Construction ceased in December 1980. Appellant filed a mechanic's lien covering the entire Southeast Quarter (SE ¼) of Section Thirty-two (32), Township One Hundred Six (106), Range Fifty-two (52), Lake County, South Dakota.

On December 31, 1980, appellees conveyed for one dollar to Guy the North Twenty (N20) Rods of the East Twenty-nine (E29) Rods of the Southeast Quarter (SE ¼) of Section Thirty-two (32), Township One Hundred Six (106), Range Fifty-two (52) in Lake County, South Dakota. This small parcel of land closely surrounded the concrete structure built by appellant on three of its sides, but passed under one side of the structure. To insure that the concrete structure would be entirely within this parcel of land, on February 19, 1981, appellees conveyed a second deed to Guy for one dollar covering the South Two (S2) Rods of the North Twenty-two (N22) Rods of the East Twenty-nine (E29) Rods of the Southeast Quarter (SE ¼) of Section Thirty-two (32), Township One Hundred Six (106), Range Fifty-two (52) in Lake County, South Dakota. As surveyed, the south boundary of this approximate four to five acre parcel is only five feet from the concrete structure. Appellant's grading work extended outside of the west boundary of the parcel.

Additionally, on February 19, 1981, appellees and Guy purportedly drafted an intended real estate contract to convey "the remaining land of the SOUTHEAST QUARTER [sic] (SE ¼) of Section THIRTY–TWO (32), TOWNSHIP ONE HUNDRED SIX (106) NORTH, RANGE FIFTY–TWO (52), WEST of the 5th P.M. for the total of 20 acres." This agreement was addressed to a principal of the Las Vegas investment firm. No purchase price was specified. At trial, it was established that a witness' signature on the contract was forged.

The trial court found the February 19, 1981 contract was an option, and appellant had not relied on any representations made by appellees. Appellant's mechanic's lien was substantially restricted by the trial court to cover the small four to five acre parcel of land deeded to Guy in February.

## ISSUES

### I.

DID THE ACCEPTANCE AND ACQUIESCENCE BY APPELLEES OF THE REAL ESTATE IMPROVEMENTS CONSTITUTE AN IMPLIED CONTRACT? WE HOLD THAT AN IM-

PLIED CONTRACT WAS CREATED ON THE FACTS HEREIN.

## II.

DID THE TRIAL COURT ERR IN REDUCING THE AMOUNT OF REAL ESTATE COVERED BY THE MECHANIC'S LIEN FROM ONE HUNDRED AND SIXTY ACRES TO APPROXIMATELY FOUR TO FIVE ACRES? WE HOLD THAT IT DID.

## DECISION

### I.

Appellant asserts appellees were inequitably benefited by allowing the construction work to continue on their property. Appellees contend the construction project did not benefit their property, and this issue is not properly before us. Since appellant did raise this issue in its proposed findings of fact below and in its brief here, we hold the issue is properly presented for review. SDCL 15–26A–4 and SDCL 15–26A–60.

When a party confers a benefit upon another party who accepts of acquiesces in that benefit and it is inequitable to receive that benefit without paying therefore, a contract will be implied between the parties. *Thurston v. Cedric Sanders Co.,* 80 S.D. 426, 125 N.W.2d 496 (1963); *St. John's First Lutheran Church v. Storsteen,* 77 S.D. 33, 84 N.W.2d 725 (1957); *see also, Paschall's, Inc. v. Dozier,* 219 Tenn. 45, 407 S.W.2d 150 (1966). In addition, SDCL 44–9–2 provides:

> When improvements are made by one person upon the land of another, all persons interested therein otherwise than as bona fide prior encumbrancers or lienors shall be deemed to have authorized such improvements, in so far as to subject their interests to the liens therefor; provided that as against a lessor no lien is given for repairs made by or at the instance of his lessee.

This action must be distinguished from our recent per curiam holding in *Sherman v. Meyer,* 312 N.W.2d 373 (S.D.1981), wherein we held a subcontractor does not have a personal claim against an owner of real estate when no privity of contract exists between the parties. Here, appellant, a general contractor, seeks foreclosure of a mechanic's lien on the property it benefited rather than a personal claim against appellees.

Appellees were well aware appellant was constructing a major trucking complex on their property. SDCL 44–9–4 provides:

> Any person who has not authorized the improvement may protect his interests from such liens by serving upon the persons doing the work or otherwise contributing to such improvement, within five days after knowledge thereof, written notice that the improvement is not being made at his instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises.

Appellees did not ask appellant to cease its project. Interested persons are required to take action rather than remain silent when notified that unauthorized improvements are being made on their real estate or they will be equitably estopped from attacking a mechanic's lien which attaches thereto. *Thorson v. Maxwell Hardware Co.,* 82 S.D. 385, 146 N.W.2d 739 (1966). Appellees first encouraged the project by paying the financing "commitment fee." Later, appellees attempted to convince financiers that they were conveying to their son, Guy, the remaining twenty acres needed to secure the loan.

Appellees deeded to their son, Guy, the small parcel of land upon which appellant's improvements were located *after* the mechanic's lien had attached to appellees' property. Therefore, we hold appellant's improvements did confer a benefit upon appellees' property. In fact, the real estate was improved through appellant's efforts in the amount of $82,146.80. Appellees acquiesced in the benefit during the entire construction phase. An implied contract arose between appellees and appellant as it would be inequitable to allow improvements to the real estate of $82,146.80 without incurring any liability.

## II.

 Appellant requests a reversal of the trial court's order which substantially reduced the acreage of the mechanic's lien. The core of South Dakota's mechanic's lien law is set forth in SDCL 44–9–1. Our mechanic's lien law was originally adopted from the mechanic's lien law of the State of Minnesota. *Atlas Lumber Co. v. Semmler,* 48 S.D. 541, 205 N.W. 376 (1925). A South Dakota mechanic's lien extends to the actual structure and so much of the land upon which it is situated as is necessary to its convenient use and occupation. *Atlas Lumber,* 205 N.W. 376; *see generally,* 57 C.J.S. *Mechanics' Liens* § 186 (1948). Therefore, we must ascertain the proper scope of appellant's mechanic's lien.

When appellant signed the contract, it knew the structure was to be placed somewhere on the 160 acre tract of land in question. When appellant began construction, appellees equitably owned the 160 acre tract upon which the building was being constructed. When appellant ceased construction due to nonpayment, appellees equitably owned the 160 acre tract. When appellant filed its mechanic's lien, appellees still equitably owned the 160 acre tract. Only after appellees became aware of appellant's mechanic's lien, did they transfer the small parcel of land surrounding appellant's improvements to their son, Guy.

It is obvious to this Court that appellees' transfers to Guy were an attempt to limit the scope of the pre-existing mechanic's lien. We hold that the trial court erred. The value of the structure built by appellant is significantly impaired without sufficient property for ingress, egress, and storage of equipment. Few developers would be interested in a commercial structure having a property line on one side within five feet of the structure's foundation, such as the situation here. It is foreseeable that encroachment problems would arise in this tight setting. Since judgment was entered below against Guy, as transferee of appellees, the portion of the judgment foreclosing appellant's mechanic's lien against Guy's property will remain intact. Additionally, we remand with directions that the mechanic's lien shall attach to, and be foreclosed upon, the remaining property in the Southeast Quarter (SE ¼) of Section Thirty-two (32), Township One Hundred Six (106), Range Fifty-two (52) in Lake County, South Dakota.

Reversed and remanded.

All the Justices concur.