# IN THE COURT OF APPEALS OF IOWA

No. 19-1310
Filed February 17, 2021

**IN RE DETENTION OF GALEN SHAFFER,**

**GALEN SHAFFER,**
        Respondent-Appellant.
_____


        Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.


        The applicant appeals his continued commitment as a sexually violent predator. **AFFIRMED.**


        Thomas J. Gaul of State Public Defender's Office, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.


        Considered by Bower, C.J., Greer, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**GREER, Judge.**

Galen Shaffer appeals the district court's continuation of his commitment as a sexually violent predator under Iowa Code chapter 299A (2019). Shaffer argues the district court erred by concluding the State met its burden of showing, beyond a reasonable doubt, Shaffer is likely to engage in predatory acts that constitute sexually violent offenses if discharged. On our review, we affirm.

## I.  Background Facts and Proceedings.

Beginning as a juvenile, Shaffer was adjudicated to have committed a delinquent sexual act as a minor in 1991. He took part in, but did not complete, sexual offender treatment offered in a residential setting. In 1995, Shaffer, then nineteen, was convicted of three counts of sexual abuse in the second degree after admitting to sexual contact with a six-year-old girl.[1] Shaffer was sentenced to three concurrent, indeterminate terms of incarceration not to exceed twenty-five years. While in prison, Shaffer did not complete sex offender treatment due to disagreements with staff and inappropriate behavior.

Several years into his sentence, the State pursued civil commitment of Shaffer under Iowa Code chapter 229A, which governs the commitment of sexually violent predators. He was civilly committed on March 17, 2010.[2] At the time of his commitment, Dr. Anna Salter performed Shaffer's initial evaluation, diagnosing him with pedophilia. Yearly reports were filed, in which medical experts described

---

[1] Shaffer pled guilty to the charges. Even so, he now insists that he did not commit these crimes with this particular child.

[2] Shaffer appealed the State's pursuit of his civil commitment in 2007. Ultimately, the Iowa Supreme Court held that an erroneous calculation of earned time credit did not preclude Shaffer from being "presently confined" as required by Iowa Code chapter 229A. *See In re Det. of Shaffer*, 769 N.W.2d 169, 174-75 (Iowa 2009).

Shaffer's condition and made determinations on whether Shaffer met the requisite conditions for placement in a transitional release program (TRP) as described by Iowa Code section 229A.8A.[3] A 2018 report, authored by Dr. Salter, concluded Shaffer failed to meet seven of the ten conditions to qualify for the TRP and reiterated the prior diagnosis of pedophilia.

Under Iowa Code section 229A.8,[4] Shaffer invoked his right to an annual examination and review of his condition to see if he was suitable for discharge or TRP. At the May 24, 2019 hearing to answer that inquiry, Shaffer testified and each party offered expert testimony: Dr. Salter, as expert witness for the State, and Dr. Richard Wollert, as expert witness for Shaffer. The experts disagreed over Shaffer's status as a sexually violent predator. The district court found Shaffer was "a high risk to reoffend" and he was not suitable for placement in a TRP. Shaffer remained committed in a facility for treatment in a secure setting. Shaffer appeals.

## II.     Standard of Review.

"We review a challenge to the sufficiency of evidence for errors at law." *In re Det. of Barnes*, 589 N.W.2d 455, 457 (Iowa 2004). We are bound by the court's findings if they are supported by substantial evidence. *State v. Lambert*, 612

---

[3] Shaffer transitioned to the TRP in 2015, but his inclusion was revoked after two months when it was learned he earlier "engaged in sexual contact with another patient" and had a flash drive with "inappropriate" material.

[4] Iowa Code section 229A.8(1) provides:

> Upon civil commitment of a person pursuant to this chapter, a rebuttable presumption exists that the commitment should continue. The presumption may be rebutted when facts exist to warrant a hearing to determine whether a committed person no longer suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses if discharged, or the committed person is suitable for placement in a transitional release program.

N.W.2d 810, 813 (Iowa 2000). Evidence is substantial "[i]f a rational trier of fact could conceivably find the defendant [is a sexually violent predator] beyond a reasonable doubt." *Id.* "To determine whether the evidence was substantial, we consider the entirety of the evidence presented in a 'light most favorable to the State, including all legitimate inferences and presumptions which may be fairly and reasonably deduced from the record.'" *In re Det. of Swanson*, 668 N.W.2d 570, 574 (Iowa 2003) (quoting *State v. Yeo*, 659 N.W.2d 544, 547 (Iowa 2003)). "We give considerable deference to the trial court's findings regarding the credibility of the witnesses, but are not bound by them." *Barnes*, 689 N.W.2d at 457.

### III. Analysis.

Narrowing his appeal to one issue, Shaffer disputes the determination he remains a sexually violent predator and his continued commitment.[5] By statute, a "sexually violent predator" is "a person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility." Iowa Code § 229A.2(13). "'Mental abnormality' means a congenital or acquired condition affecting the emotional or volitional capacity of a person and predisposing that person to commit sexually violent offenses to a degree which would constitute a menace to the health and safety of others." *Id.* § 229A.2(6).

---

[5] Shaffer makes a passing reference to a case discussing the State's burden to prove a "recent overt act." *See In re Det. of Tripp*, 915 N.W.2d 867, 874-77 (Iowa 2018) (holding there was no factual basis of a recent overt act supporting the State's pursuit of civil commitment under the recent-overt-act prong of Iowa Code section 229A.4(2)). Shaffer failed to develop this argument further so we do not address it.

In short, Shaffer contends the State failed to prove beyond a reasonable doubt his mental abnormality remains so he is likely to engage in predatory acts that constitute sexually violent offenses if discharged.  *See id.* § 229A.8(6)(d)(1).  As is common in this type of case, here, a battle of disagreeing experts ensued.  "When a case evolves into a battle of experts, we, as the reviewing court, readily defer to the district court's judgment as it is in a better position to weigh the credibility of the witnesses."  *State v. Jacobs*, 607 N.W.2d 679, 685 (Iowa 2000) (citation omitted).  As to mental abnormality and likelihood of recidivism, the court determined, "[Shaffer's] mental abnormality remains such that he is likely to engage in predatory acts that constitute sexually violent offenses if discharged."  Despite the differences of opinion between the experts, we find substantial evidence supports the district court decision to continue the commitment of Shaffer as a sexually violent predator.

Pointing to the State's burden, Shaffer argues "the State had simply presented conclusions by State actors but virtually no actual facts . . . ."  Shaffer further argues his expert's conclusions weakened the State's position.  True, Dr. Wollert, Shaffer's expert, opined "Shaffer's commitment mental abnormality, after nine years of post-prison civil commitment and treatment, is no longer active and [he] is therefore unlikely to recidivate by committing new sexually violent offenses as a result of a mental abnormality."  And Dr. Wollert further noted that Shaffer's sexual recidivism estimate based on 2017 testing[6] lies somewhere between 14%

---

[6] The Static-99R and the Violence Risk Scale used here are actuarial risk assessment tools to test for the risk to reoffend and examine a person's level of dynamic risk factors, including sexual deviance, criminality, treatment responsivity, and intimacy deficits and emotional control.

and 21%, a number significantly lower than 50%. A person is "[l]ikely to engage in predatory acts of sexual violence" if they *more likely than not* will engage in acts of a sexually violent nature. Iowa Code § 229A.2(5). The district court agreed with many of Dr. Wollert's opinions, including the determination that Shaffer showed significant insight into his sex offending cycle. Still, the district court found, although Shaffer showed *insight* into his sex offending cycle, he failed to *act* upon these insights to effect change.

Turning to the State's expert, the district court adopted her conclusions and supporting facts. Dr. Salter concluded Shaffer suffers from both pedophilia and "an exhaustive cluster of antisocial traits that sabotage his treatment." Dr. Salter noted Shaffer's regression from earlier years despite his treatment. That regression involved recent sexual encounters with fellow patients against the treatment rules. Particularly concerning to Dr. Salter, Shaffer had not admitted a current or past mental abnormality of pedophilia, despite prior admissions.[7] Dr. Salter expressed that Shaffer's sexual acting out in a secure unit, when he was on the verge of transition, could mean failure for him where no checks are in place. Likewise, Shaffer denied his guilt in the 1995 sexual abuse of the six- year-old child, even though he had admitted it and described details of the abuse earlier.[8] Dr. Salter concluded Shaffer exhibits a propensity for these factors: sexual

---

[7] From age seven to fifteen, Shaffer admitted non-reported instances of sexual abuse with fifteen children under the age of ten but that he also had "consensual" sexual relations with twenty-five or more other minor females and males by the time he was nineteen. At one point in treatment, Shaffer claimed he was involved with "forty victims."

[8] Shaffer's change in story prompted Dr. Salter to conclude Shaffer had "moved backwards."

preference for prepubescent or pubescent children, sexual preoccupation, sexualized violence, multiple paraphilias, grievance/hostility, and resistance to rules and supervision. At trial, she confirmed "he is not controlling his sexual impulses at all, and it is a risk factor for reoffending when he gets out." When asked if she had seen anything within the last year that reveals Shaffer has addressed dynamic risk factors to a degree that would lessen his risk of recidivism, she replied "absolutely nothing. There is nothing in the treatment record, only opposition and denial."

Dr. Salter's opinion that Shaffer's mental abnormality remained and that he was likely to engage in predatory acts if discharged was based on her initial records, records for the current year, group records, maintenance polygraphs, master treatment plan, behavior reports, treatment team decisions, progress notes, and group therapist notes. She emphasized Shaffer had failed polygraph examinations focused on inquiry into sexual behavior and attitudes, his refusal to engage fully in therapy, and the sexual activity with other patients. Thus, based on Shaffer's offending history, Dr. Salter's expert opinion and the records generated in his treatment, there is substantial evidence on which a rational trier of fact would conclude beyond a reasonable doubt Shaffer remained a sexually violent predator.

## IV.    Disposition.

For these reasons, we affirm the ruling of the district court finding Shaffer should remain committed for treatment as a sexually violent predator in a secure setting.

**AFFIRMED.**