LEONARD E. BRITT; APPELLEE, V. OMAHA 'CONCRETE STONE
COMPANY, APPELLANT.

FILED FEBRUARY 5, 1916.   No. 18601.

1. **Municipal Corporations:** OBSTRUCTIONS IN STREETS: ACTIONABLE
NEGLIGENCE. It is actiónable negligence to deposit a pile of sand
and crushed stone on a paved street of a city and allow it to re-
main there over night without guarding it with a red light danger
signal.

2. **Appeal:** CONFLICTING EVIDENCE. Where the question as to whether
such an obstruction was guarded has been submitted to a jury upon
conflicting evidence, the verdict will not be set aside by a review-
ing court.

3. **Evidence:** SUFFICIENCY: PHYSICAL FACTS. Where a person has
been injured in a collision with such an obstruction and it is
claimed that the physical facts related by plaintiff's witnesses
destroy their direct and positive evidence, which tends to show that
the party injured was not guilty of contributory negligence, the
physical facts must be so conclusive as to leave no question for the
jury and require the court to direct a verdict for the defendant.
If, however, the evidence is such as to present a question for the
jury, their verdict will be sustained.

4. **Instructions** given by the court on his own motion examined and
found to contain no reversible error; and the instructions re-
quested by the defendant are held to have been properly refused.

APPEAL from the district court for Douglas county:
ABRAHAM L. SUTTON, JUDGE. Affirmed.

*Alvin F. Johnson,* for appellant.

*W. W. Slabaugh* and *C. W. De Lamatre, contra.*

BARNES, J.

This was an action brought in the district court for
Douglas county for damages which the plaintiff alleged he
had sustained by a collision of an automobile, in which he
was riding, with a pile of sand and crushed stone which
had been deposited by defendant, the Omaha Concrete
Stone Company, on Thirtieth street, in the city of Omaha,

in front of a residence near Binney street. The owner of the residence was joined as a party defendant with the stone company, but the action was dismissed as to him before the trial was concluded. The plaintiff had the verdict and judgment, and the defendant has appealed.

The facts as shown by the evidence are, in substance, as follows: The plaintiff is a colored man, and a physician. On the evening of the 14th day of November, 1912, he had given a dinner party to one Guy Overall, who was about to leave that city. After the dinner was over, and at about midnight, plaintiff, together with Overall and his mother, and with one Adams, all colored people, started on an automobile ride about the city. Adams was the owner of the car and was also the driver. The party started from plaintiff's home and went west on Lake street to Thirtieth street, and thence north on that street about 1,800 feet to near the corner of Binney street, where they ran into the pile of sand and stone which had been left on the street by the defendant stone company on the previous evening at about 6:00 o'clock. The collision resulted in certain injuries, for which plaintiff obtained the judgment, and from which this appeal is prosecuted.

The defendant contends that the judgment is not sustained by sufficient evidence. The record discloses that when the car left Lake street it was allowed by the driver to coast down Thirtieth street to the place where it struck the stone pile. The driver of the car testified that as he was running the machine down the east side of Thirtieth street he saw two coal wagons standing on the street some distance ahead and turned out for them onto the street car tracks; that he, immediately after passing the coal wagons, turned back to the east side of the street; that he struck the pile of stone just north of Binney street; that as the car coasted down Thirtieth street it increased its speed and was running about 12 miles an hour when it struck the stone pile; that there was no light on the pile; that there was an arc light at Binney street; which was behind the car when the collision occurred; that the lights on the car were burn-

ing; that he did not see the stone pile until the car struck
it. The plaintiff testified that he cautioned Adams as they
coasted down Thirtieth street; that he looked behind to
see that the car was not overtaken by the street car, and
he thought the car was going about 12 miles an hour when
it struck the stone pile; that he was looking ahead, but
could not see the stone pile until the car was within five
or six feet of it, and at that instant it was too late to stop
the car; that when he saw the obstruction it looked like
a shadow, looked grayish like a reflection from the arc
light. Adams testified that he passed along Thirtieth
street as late as 5 or 6 o'clock on the evening before the
accident; that the street was practically clear at that
time, and he had no reason to expect to meet any obstruc-
tion at that point. He also testified that there was no light
burning on the stone pile when the accident occurred.

Appellant alleges that the trial court erred in receiving
in evidence the ordinance of the city of Omaha in regard
to depositing building material on the streets. This evi-
dence was proper as tending to establish negligence on the
part of the defendant. In this connection it should be fur-
ther said that the court properly instructed the jury that
the ordinance did not of itself establish negligence, but
the jury were told that it might be considered in deter-
mining whether or not defendant was guilty of negligence
under all of the facts as shown by the evidence.

Some of defendant's witnesses testified that they saw a
red light on the stone pile early in the evening, while others
claimed that they saw no light whatever. On that ques-
tion the jury found for the plaintiff on conflicting evidence,
and that finding should stand as establishing the fact of
negligence on the part of defendant.

It is further contended that plaintiff was guilty of such
contributory negligence as prevents any recovery in his
favor in this case. The plaintiff testified that shortly be-
fore the car struck the stone pile he warned the driver to
be careful, and that he looked behind the car to see that
the street car did not overtake them. This testimony was

not contradicted by any one, and tends to show want of contributory negligence on the part of the plaintiff, as well as to refute the defendant's contention that the negligence of the driver should be imputed to the plaintiff. The jury determined both of those questions, and their verdict should be sustained.

It appears that no one but those riding in the auto saw the accident. None of the defendant's witnesses could testify as to the speed at which the car was going when it struck the stone pile, but the defendant strenuously contends that the physical facts shown by the testimony of plaintiff's witnesses are such as to discredit their statements as to the speed of the car, and show that it must have been going at the rate of 30 or 35 miles an hour when the accident occurred. On that question it may be said that just what the effect of such a collision would be is extremely problematical. There was testimony that when the car struck the stone pile the shock threw the plaintiff out of the car and about 15 feet, where he struck on the pavement and was severely injured. There was testimony on the part of other witnesses, however, which contradicted this statement and tends to show that the distance was not so great. Mrs. Overall, who was a large woman, was thrown some distance, and Guy Overall was also thrown out of the car, but was unhurt. The driver, who had hold of the steering wheel, remained in the car, but jumped out as soon as he could. The car ran on over the obstruction and about 100 feet onto a vacant lot before it stopped. We are unable to determine the speed of the car from these facts, and upon that point the evidence is conflicting. The rate of speed at which the car was going is not shown to be so great as to necessarily determine the question of contributory negligence, and we should not reverse the judgment of the trial court on a mere conjecture.

Defendant contends that the court erred in giving instructions numbered 7, 8, 9 and 11, on his own motion.

We have examined all of those instructions and find none of them contains reversible error.

It is further contended that the court erred in refusing to give each of ten instructions requested by defendant. From an examination of the record it appears that those requests were properly refused, for the court had on his own motion instructed the jury on all of the questions presented at the trial.

The controlling question in this case appears to be whether the plaintiff was guilty of contributory negligence at the time the car in which he was riding struck the stone pile.  The attention of the jury was directed to that question by two separate instructions.  In one of them it was said:  "You are instructed in considering the evidence bearing on the question of the contributory negligence of the plaintiff just before and at the time of the accident it would be proper for you to take into consideration the entire situation and surroundings as existed at that time, including the rate of speed of the car, and if you believe from the evidence and under the instructions of the court, taking into consideration the entire situation, that plaintiff exercised ordinary and reasonable care for his own safety, then you are instructed plaintiff would not be guilty of contributory negligence.  But, on the other hand, if you believe that the plaintiff failed to exercise ordinary and reasonable care for his own safety under the situation as existed just before and at the time of the accident, then you are instructed that plaintiff cannot recover."

By instruction No. 10 the court directed the attention of the jury to the street lights, and told them that if the street or arc lights lighted up the stone pile and its immediate vicinity so that it could have been seen by plaintiff in time to have avoided the accident without the aid or assistance of other artificial lights, then, as a matter of law, the defendant would not be guilty of negligence in failing to place a danger signal upon the stone pile or in failing to comply with the city ordinance.  If the instruction was

erroneous, it was prejudicial to plaintiff and not to defendant.

We have not discussed all of the defendant's 23 assignments of error, but they have all been carefully considered, and, viewing the whole record, we are unable to say that it contains any reversible error.

The judgment of the district court is therefore

AFFIRMED.

LETTON, J., not sitting.