ERICKSON, Appellant, v. TODD, et al, Respondents.

(252 N. W. 879.)

(File No. 7576. Opinion filed February 15, 1934.)

*L. E. Waggoner,* of Sioux Falls, for Appellant.
*Danforth & Davenport,* of Sioux Falls, for Respondents.

RUDOLPH, J.   Edwin J. Todd purchased a farm from the plaintiff Erickson, and paid Erickson thereon the sum of $10,000. To secure the balance of the purchase price of $19,200, Edwin J. Todd and his wife signed and delivered to Erickson a note in that amount and secured the same by a mortgage upon the land. Later Todd sold this land to one Bisson, and by the terms of the deed conveying the land, Bisson assumed and agreed to pay the mortgage indebtedness thereon.   Thereafter E. J. Todd died, and the defendants, his widow, Cornelia L. Todd, his son, Howard J. Todd, and his daughter, Gladys O. Lambert, were appointed administrators of his estate.   The note in the sum of $19,200, executed by the deceased Todd and his wife, was filed as a claim against the estate.   Bisson was an old neighbor of the plaintiff Erickson, and, after the conveyance of the land to Bisson, Erickson accepted payments of interest from Bisson.   A default occurring in the payment of interest due in 1929, Erickson commenced foreclosure proceedings, but on the payment by Bisson of the interest due these proceedings were abandoned.   The note was due on March 1, 1932.

At the time the mortgage was given, Erickson received an abstract of title, and he kept this abstract in a safety deposit box with the mortgage.   Some time prior to March 8, 1932, Mr. Stordahl, the attorney representing Erickson, asked Erickson for the abstract; but he could not locate it.   Thereafter and on March 8, 1932, one Dewitt Lambert called upon Mr. Erickson and delivered to him the abstract (where he obtained the abstract does not ap-

pear), and at that time there was signed the following instrument, which was identified and received in evidence as Exhibit 2:

"I acknowledge receipt of abstract on ʼland owned by S. O. Bisson and mortgaged to me, and give him until March 19th, 1932, to pay off this mortgage.

"T. M. Erickson."

In what capacity Dewitt Lambert was acting does not appear. It does appear that he was the husband of Gladys O. Lambert, one of the defendants; but she and the other defendants testified that they knew nothing about Exhibit 2 being executed or the abstract being delivered, and that Mr. Lambert did not have anything to do with the Todd estate. Dewitt Lambert did not take the stand, and it is impossible to ascertain from this record his connection with the transactions involved, except that he was the husband of one of the defendants, and on March 8th delivered the abstract to this land to Mr. Erickson, and Mr. Erickson at that time executed and delivered to him Exhibit 2.

The mortgage was not paid and was, some time subsequent to March 8th, foreclosed by Erickson, and the land bid in by him for the sum of $12,056.96. The county court of Minnehaha county made its order rejecting and disallowing the claim of Erickson for the deficiency remaining after applying upon the note the amount for which the land was sold. This action, based upon the note and seeking to recover the deficiency, was thereafter started in the circuit court, and the trial judge made findings of fact, conclusions of law, and entered judgment in favor of the defendants. This is an appeal from the judgment and order denying the motion for a new trial.

The theory, upon which judgment was entered against the plaintiff, was that the mortgagee, Erickson, knew that Bisson was an assuming grantee, and with this knowledge extended the time of payment to Bisson by a valid and binding agreement without the knowledge of the defendants. If the findings of the court are sustained by the evidence the result reached by the trial court is correct under the rule announced in Zastrow v. Knight, 56 S. D. 554, 229 N. W. 925, 930, 72 A. L. R. 379.

The trial court found that Erickson knew that Bisson was an assuming grantee. The appellant challenges this finding.

We are satisfied that, in order to discharge the mortgagor, the knowledge of the mortgagee, as to the relationship arising between the mortgagor and assuming grantee by virtue of the assumption clause contained in the deed, must be actual knowledge as distinguished from any inferred knowledge of the relationship merely by reason of the fact that it was embodied in the recorded deed from the mortgagor to the assuming grantee. To hold otherwise would, in effect, charge the mortgagee with notice of a document affecting the title to the land filed subsequent to the time of his mortgage whereby he acquired an interest in the property. Blumenthal v. Serota, 129 Me. 187, 151 A. 138; Wolfe v. Murphy, 47 App. D. C. 296; Newby v. Harbison (Tex. Civ. App.) 185 S. W. 642. There is no direct evidence in this record that Erickson knew that Bisson had assumed the payment of the mortgage. The question presented, therefore, is whether the evidence is sufficient to justify the trial court in inferring knowledge of the relationship on behalf of Erickson, and basing his finding upon such inference. The only facts which would justify such inference are as follows: Bisson was an old neighbor of Erickson. After the transfer to Bisson, Erickson accepted from him the payment of interest. In 1929, the interest being in default, Erickson commenced foreclosure proceedings which were abandoned upon payment of interest by Bisson. On January 5, 1932, after considerable correspondence with the defendants and their attorney, the attorney for Erickson wrote to Bisson as follows:

"You are owing T. M. Erickson by virtue of a tax certificate bought by him last year, and by reason of interest unpaid, the amount of $721.00. I also understand that the property was sold for the year 1930.

"Now these matters must be adjusted in some manner and I wish you would call at my office on or before the 20th day of January relative thereto, in order that we may learn what adjustment can be made."

All of the above facts or circumstances are consistent with a lack of knowledge on the part of Erickson that Bisson was an assuming grantee. The fact that they were old neighbors implies nothing. There is no evidence that Erickson and Bisson ever had a conversation regarding this mortgage or anything else during

the time the mortgage was in existence. The facts that Erickson accepted payments of interest from Bisson, and that his attorney once wrote to Bisson asking that the interest be paid, are entirely consistent with the belief on the part of Erickson and his attorney that Bisson had purchased the land subject to the mortgage, and was interested in making the payments that he might retain the land. At least, it cannot be said that such acts on the part of Erickson and his attorney are consistent only with the knowledge that Bisson was an assuming grantee. This court has consistently applied the rule in criminal cases that, in order that a theory be established by circumstantial evidence, the facts and circumstances shown must not only be consistent with such theory, but inconsistent with any other rational theory. State v. Guffy, 50 S. D. 548, 210 N. W. 980; State v. Ferguson, 48 S. D. 346, 204 N. W. 652; State v. Thieme, 54 S. D. 611, 224 N. W. 228. This rule, we are convinced, should be the rule whereby the weight of circumstantial evidence is determined in a civil case as well as in a criminal case. See Jones on Evidence, Civil Cases (3d Ed.) § 809, p. 1426; Neal v. Chicago, R. I. & P. Ry. Co., 129 Iowa, 5, 105 N. W. 197, 2 L. R. A. (N. S.) 905; Cleveland, C., C. & St. L. R. Co. v. Starks, 58 Ind. App. 341, 106 N. E. 646; Reynolds v. Maryland Casualty Co., 274 Mo. 83, 201 S. W. 1128; Britt v. Omaha Concrete Stone Co., 99 Neb. 300, 156 N. W. 497; Moscato v. Prince Line, 164 App. Div. 412, 150 N. Y. S. 225; McDonald v. Provident Sav. Life Assurance Society, 108 Wis. 213, 84 N. W. 154, 81 Am. St. Rep. 885. Adopting the above rule, we believe it clear that the evidence, upon which the above finding was based, was not inconsistent with any other rational theory than that Erickson had knowledge that Bisson assumed the payment of the mortgage indebtedness. It follows that the finding that Erickson knew that Bisson was an assuming grantee is without support in the evidence. The above finding being without support, it was error to entirely release the defendants from any further liability. The only extent to which the defendants could be released, there being no sufficient evidence to show that Erickson had knowledge that Bisson was an assuming grantee, would be as stated in the case of Zastrow v. Knight, supra, "to the extent of the value of the security properly applicable to the mortgage debt in the hands of the grantee at the time the extension is granted."

■ ■ The trial court further found that Exhibit 2, set out above, was based upon a sufficient consideration to make it a valid and binding agreement for the extension of time for the payment of the mortgage indebtedness. We are unable to determine that there was any consideration passing to Erickson which would make Exhibit 2 a valid and binding extension agreement. Mere indulgence granted by the mortgagee to the grantee without a consideration will not discharge the mortgagor. Zastrow v. Knight, supra, and see cases cited in note, 72 A. L. R. 394. The only claimed consideration for Exhibit 2 was the abstract which was returned to Erickson at the time Exhibit 2 was executed. The record very definitely establishes that this abstract was Erickson's, and that he was entitled to the possession of it. There was no attempt made by any one to withhold possession or deny the right of Erickson to the possession of the abstract. We are unable, therefore, to determine that the abstract or the delivery of the abstract to Erickson furnished any consideration for the execution of Exhibit 2.

There is a further contention by the respondent that the abandonment of the first foreclosure proceedings by Erickson constituted an extension of time which is sufficient to relieve the defendants from liability. This contention is bottomed upon the assertion that in the first foreclosure proceeding, Erickson, under the terms of the mortgage, declared the whole amount due because of the failure to pay interest. However, there is no record to support this assertion. The record shows only that there was a foreclosure proceeding instituted. Whether the whole amount had been declared due, and the foreclosure was proceeding on that theory, or whether the foreclosure was simply to recover the interest then due, does not appear. We deem it unnecessary to decide at this time what the effect would be should the record show that the first foreclosure proceedings were conducted to recover the entire mortgage indebtedness by virtue of a declaration under the acceleration clause contained in the mortgage. The judgment and order appealed from are reversed.

All the Judges concur.