PARHAM, Appellant v. DELL RAPIDS TOWNSHIP, Respondent

· (122 N.W.2d 548)

(File No. 10023. Opinion filed July 10, 1963)

**Gene E. Pruitt, Acie W. Matthews,** Sioux Falls, for Plaintiff and Appellant.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant and Respondent.

ROBERTS, J. This action was commenced by Douglas Parham, a minor, by his guardian ad litem against Dell Rapids Township, Minnehaha County, to recover damages for personal injuries sustained as the result of a motor vehicle accident. The accident occurred at about two o'clock in the afternoon of July 27, 1960, while plaintiff was driving a dump truck on a township highway. It is alleged in the complaint that when a wheel of the truck fell into a hole on the highway plaintiff "struck his head against a portion of his motor vehicle, knocking him unconscious, and thereafter his motor vehicle travelled off the highway into the ditch and against a telephone pole." As a basis for defendant's liability, it is alleged that defendant had notice of the defect which was the direct and proximate cause of plaintiff's injury for several weeks prior to the accident and that defendant failed to warn the public of the defect and to repair the highway within a reasonable time after notice or to close the highway to travel.

Defendant answered alleging that the complaint failed to state a claim upon which relief could be granted, admitted that an accident had occurred, generally denied liability and alleged contributory negligence.

At the conclusion of the evidence, defendant dictated into the record in the absence of the jury a motion for a directed verdict which was denied. The jury returned a verdict in favor of the plaintiff. Defendant moved for judgment notwithstanding the verdict. In so far as important here the motion states that it "is based upon all of the grounds urged by the defendant in its motion for directed verdict, which was made at the time when both parties had rested and prior to the settlement of instructions and the submission of the issues in this action to the jury, said grounds being incorporated herein by this reference as fully as if set forth at length and in detail herein." The trial court granted the motion and entered judgment accordingly. Plaintiff has perfected an appeal to this court.

Plaintiff contends that the motion for judgment notwithstanding the verdict did not comply with the rule of practice requiring that a motion, unless made during a hearing or trial, set forth with particularity the grounds on which relief is sought. SDC 1960 Supp. 33.1001. The motion, however, states that it is made upon all the files and records in the action including a transcript of all the testimony and upon all the grounds urged by defendant in its motion for a directed verdict. A motion for judgment notwithstanding the verdict can be considered only when the moving party at the trial requested a directed verdict and thus the motion in effect brings before the trial court for review a second time the grounds urged in support of the motion for directed verdict. SDC 1960 Supp. 33.1705. Appellant does not claim that the motion for directed verdict did not point out the particulars wherein the evidence was allegedly insufficient to sustain the verdict. There can be no doubt that the motion here involved was sufficiently definite to inform plaintiff and the court of the grounds upon which defendant relied.

The liability of a township for injuries resulting from defects in a township highway system is statutory. Williams v. Wessington Township, 70 S.D. 75, 14 N.W.2d 493; Pederson v. Canton Tp., 72 S.D. 332, 34 N.W.2d 172. The applicable statute is SDC 1960 Supp. 28.0913, and it contains these provisions:

"In case any highway, culvert, or bridge shall become in whole or in part destroyed or out of repair by

reason of floods, fires, or other cause to such extent as to endanger the safety of public travel, it shall be the duty of the governing body or board under statutory duty to maintain such highway, culvert, or bridge upon receiving notice thereof to cause to be erected for the protection of travel and public safety, within forty-eight hours thereafter, substantial guards over such defect or across such highway of sufficient height, width, and strength to guard the public from accident or injury and to repair the same within a reasonable time thereafter. It shall also be the duty of such governing body or board to guard any abandoned public highway, culvert, or bridge in like manner.

"Any person who shall sustain injury to person or property by reason of any violation of this section shall have a cause of action against the county, township, city, or town, as the case may be for such damages as he may have sustained. * * *"

 In determining whether the evidence on behalf of the plaintiff was sufficient to warrant submission to the jury, plaintiff is entitled to have every controverted fact resolved in his favor and to have the benefit of all reasonable inferences that can be deduced from the evidence. The test is whether there is any substantial credible evidence viewed in the light most favorable to the plaintiff which tends to sustain the verdict. These principles are so well established that we need not cite authority.

The scene of the accident was at a point on old U.S. Highway 77 about three-quarters of a mile south of the City of Dell Rapids. This highway is a blacktop road running in a north-south direction and had been a part of the state trunk highway system. Immediately before the accident, plaintiff was driving the truck north at a speed of 25 to 40 miles per hour. At the foot of a gradual incline in the highway were two holes in plaintiff's lane of travel. A witness for plaintiff testified that one hole was about a foot and a half deep and approximately the same in diameter. There was no estimate of the size of the other hole near it. The truck veered across the highway to the left and struck a utility

pole which was at least 600 feet from the holes in the highway and turned over in the west ditch with the result that plaintiff was seriously injured.

Defendant contends that the existence of the holes was not the proximate cause of the accident. Plaintiff alone in the truck was the only eye witness to the accident. As to events preceding the accident plaintiff testified: "The last thing I recall immediately before the accident was that I came down the first little hill, and I dodged some of the holes down below that one, and then I went over the other hill and that's it. I do not recall anything other than that." On cross-examination, he testified that he was without memory of events after going over the crest of the second hill. There is no direct evidence that nonperformance of statutory duties by defendant was the proximate cause of plaintiff's injuries. Plaintiff asserts that there were sufficient circumstances shown by him to entitle the jury to determine the question of fact involved as to the proximate cause of the accident. Ray Parham, father of the plaintiff, testified that he went to the scene of the accident the next morning; that he found dual wheel tracks extending from the place where the truck turned over in the west ditch to the above mentioned holes in the highway; and that the tracks were unbroken and continuous.

It is elementary that not every violation of a statute constitutes actionable negligence. As applied to the instant case, plaintiff had the burden of proving that nonperformance of a statutory duty was the proximate cause of plaintiff's injuries. Serles v. Braun, 79 S.D. 456, 113 N.W.2d 216 and cases cited. To prove proximate cause by circumstantial evidence, proof of a mere possibility of causation is not sufficient. The circumstances adduced must render reasonably probable the existence of such fact. In Erickson v. Todd, 62 S.D. 280, 252 N.W. 879, this court said: "This court has consistently applied the rule in criminal cases that, in order that a theory be established by circumstantial evidence, the facts and circumstances shown must not only be consistent with such theory, but inconsistent with any other rational theory. * * * This rule, we are convinced, should be the rule whereby the weight of circumstantial evidence is determined in a civil case as well as in a criminal case." There

is a diversity of opinion as to the rule to be applied in civil cases where different theories or hypotheses can be drawn from circumstantial evidence. It is asserted by many authorities that it is sufficient in a civil action depending on circumstantial evidence for the party having the burden of proof to make out the more probable hypothesis and the evidence need not arise to that degree of certainty which will exclude every other reasonable conclusion. That is, the hypothesis need not be proved beyond a reasonable doubt. 32 C.J.S. Evidence § 1039; 20 Am.Jur., Evidence, § 1189; IX Wigmore on Evidence, 3d Ed., § 2498; 2 S.D.L.-Rev. 36. The rule of criminal law that the circumstances proved must be such as to preclude every other hypothesis but the guilt of the accused has no application in a civil action. Erickson v. Todd, supra, is modified accordingly. It is enough that a plaintiff in a civil action prove mere preponderance of probability. In support of this position, we cite particularly Schoepper v. Hancock Chemical Co., 113 Mich. 582, 71 N.W. 1081; Boles v. Hotel Maytag Co., 218 Iowa 306, 253 N.W. 515; Davis v. Dennert, 162 Neb. 65, 75 N.W.2d 112. It may be observed that this court has not generally applied the holding in Erickson v. Todd, supra, in its broadest sense, but has ruled that where the probabilities are equal the burden of proof was not sustained. Anderson v. Dunn, 68 S.D. 479, 4 N.W.2d 810; Mehlum v. Nunda Cooperative Ass'n., 74 S.D. 545, 56 N.W.2d 282; Lunde v. Dwyer, 74 S.D. 559, 56 N.W.2d 772; Madsen v. Watertown Bottling Co., 75 S.D. 122, 59 N.W.2d 735.

■ Plaintiff contends that the testimony regarding the direction of the dual wheel tracks justifies the inference that as a result of running into a hole in the highway he struck his head against the cab of the truck and this caused him to become unconscious and lose control of the truck. Defendant's counsel contend that the circumstances and physical facts render it equally probable that plaintiff dozed or fell asleep, drove the truck on the wrong side of the highway and struck the utility pole. The day before the accident, plaintiff and a friend repaired the truck working until about ten o'clock at night. He then took his friend home returning about eleven-thirty. He left next morning about five-thirty and was at the gravel pit a half hour later to load his truck. The day of the accident, he hauled four loads of gravel

from a pit near Dell Rapids to a "batch plant" near Corson, a distance of about twenty-four miles. He made two or three return trips that day on old Highway 77. The evidentiary facts relied upon to establish a finding that the holes in the highway proximately caused plaintiff's injuries are no more probable than that plaintiff's conduct caused the accident. Madsen v. Watertown Bottling Co., supra. Plaintiff may have been rendered unconscious when his truck turned over after striking the pole. There is no evidence indicating that contrary to this version plaintiff had been knocked unconscious before the truck struck the pole. It was not error to grant the motion for judgment notwithstanding the verdict. Contributory negligence and other grounds supporting action of the trial court are advanced, but it is not necessary to discuss them.

The judgment is affirmed.

All the Judges concur.