**Howard R. MYERS, Appellee,**

v.

**NORFOLK LIVESTOCK MARKET, INC., Appellant.**

**No. 82–1349.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1982.

Decided Dec. 22, 1982.

Richard A. Koehler, Geneva, Neb., for appellant.

Gerald L. Friedrichsen, Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, Omaha, Neb., for plaintiff-appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

HENLEY, Senior Circuit Judge.

From an adverse judgment in this diversity action based upon conversion, defendant Norfolk Livestock Market, Inc. appeals. Following trial, the jury returned a verdict finding that the market had partially converted the proceeds from the sale of certain cattle owned by plaintiff Howard R. Myers. Norfolk presents two primary grounds for reversal: (a) the district court erred in allowing trial to proceed without delay when a number of plaintiff's exhibits had not been provided to defense counsel until the date of trial; and (b) insufficient evidence was presented to support the verdict in plaintiff's favor. We affirm.

## BACKGROUND

The cattle sale from which this case arises involved animals allegedly purchased by Myers on behalf of one Joe Blocher, an Indiana cattle buyer. Myers had acted as a purchaser for Blocher since late summer of 1978, buying cattle at various livestock mar-

kets in Iowa and Missouri, and then transporting the animals through B & M Trucking, a livestock transportation concern, to stockyards in Omaha, Nebraska. Both the Omaha facility where Blocher's cattle were held and the trucking business were operated by John Ortmeier, who also sorted incoming cattle on Blocher's behalf, rejecting those animals which failed to meet his specifications. Following sorting by Ortmeier, the cattle would be shipped from Omaha to any of several locations, *i.e.*, to Blocher in Indiana, to Nebraska feedlots or to livestock auction markets.

In March of 1979 Myers purchased 1,105 head of cattle for Blocher pursuant to this arrangement. Forty-three of these animals were purportedly rejected by Ortmeier because they did not meet Blocher's needs; Myers allegedly retained title to these cattle. The forty-three head, along with other livestock belonging to Blocher, were shipped to Norfolk to be sold. The sale of these forty-three cattle generated net proceeds in the amount of $19,623.00. Of this sum, $6,551.30 was remitted to Myers; the remaining balance was set off against an advance to Blocher which the market had previously made.

Myers subsequently initiated this diversity action, alleging that Norfolk had converted the balance of the sale proceeds. As indicated, the jury returned a verdict in Myers's favor, and this appeal followed.

## DISCOVERY

During discovery, defense counsel requested the production of all documents relating to Myers's ownership of the cattle and the arrangements that had been made for their sale. In July of 1981 plaintiff indicated that proof of ownership would be based upon a memorandum of sale from the market, which was attached to the complaint as an exhibit. After the close of discovery, and apparently following a decision to utilize a different theory of recovery, plaintiff's counsel amended the response to Norfolk's discovery request to include proposed exhibits consisting of various bills of sale from livestock auctions at which the cattle were allegedly purchased by Myers on Blocher's behalf. On the same date, November 10, 1981, counsel also sent a proposed pretrial order listing each of these materials as exhibits. Defense counsel was not provided with copies of the proposed exhibits at that time, however.

On December 15 Norfolk's attorney submitted a revised pretrial order, noting his objection to the challenged exhibits as outside the scope of discovery. This objection was also raised at the pretrial conference on January 12, 1982. Responding to this concern, the district court [1] delayed trial until defense counsel had an opportunity to examine the documents. Following his examination, the market's attorney informally requested that the case be "passed"; this request was denied by the district court, and the case proceeded to trial that day. On this appeal, Norfolk contests the court's decision to allow trial to proceed without delay. In essence, the market argues that the challenged exhibits were wrongfully withheld by plaintiff's counsel until the date of trial; in these circumstances, it is urged, the district court's refusal to continue the case constituted an abuse of discretion and prejudiced Norfolk's defense, which questioned whether Myers actually owned the forty-three head in question.

 It is settled that matters relating to the conduct of a trial, including the grant or denial of requests for continuances, are generally within the broad discretion of the district court. *See, e.g., Fairway Center Corp. v. U.I.P. Corp.,* 502 F.2d 1135, 1143 (8th Cir.1974); *see generally* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2352 (1971). Further, the district court possesses wide latitude with respect to discovery requirements; "inaccuracies or errors at this stage of the proceeding should not form the basis for setting aside verdicts, unless prejudicial error is shown." *Nutt v. Black Hills Stage Lines, Inc.,* 452 F.2d 480, 483 (8th Cir.1971) (*quoting Greyhound Lines, Inc. v. Miller,* 402 F.2d 134, 143 (8th

1. The Honorable Albert G. Schatz, United States District Judge, District of Nebraska.

Cir.1968)). Applying these principles to the case at bar, we cannot say the district court abused its discretion in denying Norfolk's informal request that the trial be continued.

We note initially that the proposed use of the challenged exhibits was revealed approximately two months prior to trial; nonetheless, Norfolk made no effort thereafter to obtain the documents. No motion either to reopen discovery or to compel the production of the documents was lodged with the court. *Cf. Fairway Center Corp.,* 502 F.2d at 1143 (litigant's unjustified lack of diligence in failing to take certain depositions prior to last day of trial supports conclusion district court did not abuse its discretion in denying motion for continuance). Moreover, a fair reading of the trial transcript reveals defense counsel developed Norfolk's argument concerning the actual ownership of the cattle during cross-examination of Myers. Indeed, the market has not indicated any specific points which it was prevented from raising as a result of the district court's refusal to continue the case. *See Kestenbaum v. Falstaff Brewing Corp.,* 575 F.2d 564, 575 (5th Cir.1978), *cert. denied,* 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979). In short, based upon the record in this case, we conclude the district court did not abuse its discretion in denying Norfolk's request for a continuance.

### SUFFICIENCY OF THE EVIDENCE

In its second assignment of error, Norfolk challenges the sufficiency of the evidence produced to support the jury's verdict in Myers's favor. Specifically, the market urges that insufficient evidence was introduced with respect to the ownership of the cattle actually sold and concerning the oral business arrangement between Myers, Ortmeier and Blocher.

At trial, Norfolk first raised the issue of sufficiency of the evidence in a motion for directed verdict made at the close of Myers's case; the motion was denied, and Norfolk did not renew it at the close of all the evidence. The sufficiency issue was subsequently reiterated in the market's joint motion for judgment notwithstanding the verdict and for a new trial. The district court also denied this motion.

▉ Under Fed.R.Civ.P. 50(b), a litigant's motion for judgment notwithstanding the verdict may not be entertained unless the movant previously sought a directed verdict at the close of all the evidence. *See, e.g., Tsai v. Rosenthal,* 297 F.2d 614, 618 (8th Cir.1961); *see generally* 5A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 50.08 (2d ed. 1982). Where this prerequisite is not satisfied, a party cannot question the sufficiency of the evidence either before the district court through a motion for judgment notwithstanding the verdict or on appeal. *E.g., Rawls v. Daughters of Charity of St. Vincent DePaul, Inc.,* 491 F.2d 141, 147 (5th Cir.), *cert. denied,* 419 U.S. 1032, 95 S.Ct. 513, 42 L.Ed.2d 307 (1974); *see* Moore, *supra,* at 50–89 to 50–90. Thus, where a party moves for directed verdict prior to the conclusion of the case, but fails to renew the motion at the close of all the evidence, as in the instant case, the litigant is generally held to have waived the right to seek judgment notwithstanding the verdict. Moore, *supra.* In some circumstances, however, courts have excused noncompliance with this requirement. *See Bachtel v. Mammoth Bulk Carriers, Ltd.,* 605 F.2d 438, 441–42 (9th Cir.1979), *overruled on other grounds, Brown v. American Mail Line, Ltd.,* 625 F.2d 221 (9th Cir.1980); *Ohio-Sealy Mattress Manufacturing Co. v. Sealy, Inc.,* 585 F.2d 821, 825 (7th Cir.1978), *cert. denied,* 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979); *Pittsburgh-Des Moines Steel Co. v. Brookhaven Manor Water Co.,* 532 F.2d 572, 576–77 (7th Cir.1976); *Bayamon Thom McAn, Inc. v. Miranda,* 409 F.2d 968, 972 (1st Cir.1969); *cf. United States v. 353 Cases,* 247 F.2d 473, 477 (8th Cir.1957), *cert. denied,* 358 U.S. 834, 79 S.Ct. 56, 3 L.Ed.2d 718 (1958); *see also Creative Cookware, Inc. v. Northland Aluminum Products, Inc.,* 678 F.2d 746, 750 n. 7 (8th Cir. 1982). *But see, e.g., DeMarines v. KLM Royal Dutch Airlines,* 580 F.2d 1193, 1195–96 n. 4 (3d Cir.1978); *Lowenstein v. Pepsi-Cola Bottling Co.,* 536 F.2d 9, 10–12 (3d

Cir.), *cert. denied,* 429 U.S. 966, 97 S.Ct. 396, 50 L.Ed.2d 334 (1976). Assuming we were to apply a flexible approach, however, the record in the instant case discloses no circumstances similar to those relied upon in the above-cited decisions to excuse noncompliance with Rule 50(b). Consequently, Norfolk was precluded from presenting its motion for judgment notwithstanding the verdict, and this court may not entertain the claim of insufficient evidence raised therein.

As indicated, however, Norfolk also relied upon this ground in its motion for a new trial, the denial of which was assigned as error in the market's notice of appeal. Therefore, we are free to determine whether the district court abused its discretion in denying that motion. *Harris v. Zurich Insurance Co.,* 527 F.2d 528, 529–30 (8th Cir. 1975). We find no abuse of discretion.

◼ Although the evidence presented with respect to Myers's ownership of the cattle in question was less than overwhelming, we are convinced it was sufficient to generate a factual question for the jury's determination. The trial testimony of Myers, Ortmeier and Dick Glandt, the market's manager, along with the exhibits and the sale receipt, were sufficient to justify submission of this case to the jury.

### CONCLUSION

In sum, our review convinces us that the district court did not abuse its discretion in refusing to grant either Norfolk's informal request that the case be continued, or its motion for a new trial. Accordingly, finding no reversible error, we affirm the judgment of that court.