KOHLMAN, BIERSCHBACH &
ANDERSON, a Partnership,
Plaintiff and Appellee,

v.

Roy VEIT, Administrator, Alvin Veit and
Greg Veit, Individually and doing business as Veit & Sons, Defendants,

Alvin Veit, Defendant and Appellant.

No. 15300.

Supreme Court of South Dakota.

July 8, 1987.

Rehearing Denied Aug. 12, 1987.

Clark J. Bormann of Bormann, Buckmeier & Bormann, Mobridge, for plaintiff and appellee.

Robert R. Slocum, Mobridge, for defendant and appellant.

MORGAN, Justice.

Plaintiffs brought this action to recover for bookkeeping and tax preparation services they allegedly provided to defendants. At trial none of the parties made a motion for a directed verdict at any time prior to the jury returning a verdict for defendants.* After the jury returned its verdict for defendants, the trial court granted plaintiffs' motion for a judgment notwith-

---

* Harold, Greg, and Alvin Veit were all named as defendants and jointly filed an answer. The attorney representing all three of them eventually withdrew and only Alvin was represented by other counsel at trial. The extent of the participation of the other defendants at trial is not clear.

standing the verdict. Plaintiffs did not make any motion for a new trial. Only one of the defendants, Alvin Veit, appeals from the judgment notwithstanding the verdict. We reverse.

Plaintiffs claimed $6,972 was due them for accounting services provided to Harold Veit and his sons, Greg and Alvin, who were allegedly doing business as a partnership known as Veit & Sons. In their answer to the complaint defendants denied they owed the sum of $6,972; defendants admitted owing $2,000. At trial Alvin's attorney argued to the jury that if they should return a verdict for plaintiffs it should be no more than $2,000. The jury was also instructed, without objection, that defendants admitted owing $2,000. The trial court's instructions did not direct a verdict on the admitted amount, however.

The factual dispute centered around whether a partnership existed between the defendants and whether they were liable as partners for the services plaintiffs provided. Plaintiff performed bookkeeping services for all the defendants and prepared some partnership tax returns.

Although defendants had no written partnership agreement, they shared the use of machinery in their farming and livestock operations. Alvin also received a portion of the sale proceeds received by Harold for hogs owned by Harold and cared for by Alvin. Although Alvin and Greg were authorized to draw checks on their father's account for his business, he had not authorized them to write checks for their personal use. Other separate bank accounts were kept by the boys. The boys did not share in some proceeds their father received from a tax refund and a government program payment.

### ISSUE I

Alvin contends that the trial court erroneously granted a judgment notwithstanding the verdict (j.n.o.v.) because plaintiffs failed to make the prerequisite motions for a directed verdict or new trial. The relevant statute is SDCL 15–6–50(b), which provides in part:

Not later than ten days after notice of entry of judgment, *a party who has moved for a directed verdict may serve and file a motion to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict;* ... A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. [emphasis added]

*Compare,* Federal Rules of Civil Procedure, 50(b).

■ We have commented on the necessity of a motion for a directed verdict before a party may make a motion for a j.n.o.v. "A motion for judgment notwithstanding the verdict can be considered only when the moving party at the trial requested a directed verdict and thus the motion in effect brings before the trial court for review a second time the grounds urged in support of the motion for directed verdict." *Parham v. Dell Rapids Township,* 80 S.D. 281, 284, 122 N.W.2d 548, 550–551 (1963); *see also Fajardo v. Cammack,* 322 N.W.2d 873 (S.D.1982). In *Parham* and *Fajardo,* however, motions for directed verdicts were made prior to the motions for j.n.o.v.s. Where a party has completely failed to first make a motion for a directed verdict the courts have said, "The rule is firmly entrenched that only parties who have moved for a directed verdict may seek the benefit of a judgment n.o.v." *Oliveras v. American Export Isbrandtsen Lines, Inc.,* 431 F.2d 814, 816 (2d Cir.1970); *see also Hubbard v. White,* 755 F.2d 692 (8th Cir. 1985); *see generally,* 5A J. Moore and J. Lucas, *Moore's Federal Practice* § 50.08 (2d ed. 1986); 9 C. Wright and A. Miller, *Federal Practice and Procedure* § 2537 (1971). The purpose of requiring the prerequisite motion for directed verdict at the close of plaintiff's evidence is to give notice to the court and to the plaintiff of deficiencies in the proof and allow the plaintiff to cure them. This avoids making a trap of a later motion at the close of all the evidence

when it would be too late to cure the defect. *Preservation of Judgment N.O.V. Motion Under Rule 50(b): Renewal of Directed Verdict Motion,* 70 Iowa L.Rev. 269, 274 (1984). The requirement is not simply technical but is another attempt to avoid trial by ambush. *See Sims' Crane Service v. Ideal Steel Products,* 800 F.2d 1553 (11th Cir.1986).

■ The effect of failing to make the prerequisite motion for a directed verdict deprives the trial court of the power to grant a motion for j.n.o.v. *See Myers v. Norfolk Livestock Market,* 696 F.2d 555 (8th Cir.1982); *Starling v. Gulf Life Ins. Co.,* 382 F.2d 701, fn. 2 (5th Cir.1967). "Where this prerequisite is not satisfied, a party cannot question the sufficiency of the evidence either before the [trial court] through a motion for judgment notwithstanding the verdict or on appeal." *Myers, supra* at 558. In this case the trial court had no power to grant a j.n.o.v. in the absence of the prerequisite motion for a directed verdict at any time during the trial.

■ Some courts have excused noncompliance with the requirement for a prerequisite motion for a directed verdict. *See Myers, supra,* and cases cited therein, at 558; *see also* 5A *Moore's Federal Practice* § 50.08, p. 50–73. Plaintiffs' attorney recognizes that he should have made a motion for directed verdict, but argues that an exception should be permitted because the trial court had indicated that plaintiffs would not be entitled to a directed verdict. Thus, he argues, it would have been a futile act for him to make such a motion. Courts have excused parties from making or renewing the necessary 50(b) motions where the trial court has indicated its predisposition to submit the case to the jury. *See Bayamon Thom McAn, Inc. v. Miranda,* 409 F.2d 968 (1st Cir.1969) (failure to renew directed verdict motion) and *Pittsburgh-Des Moines Steel v. Brookhaven Manor Water Co.,* 532 F.2d 572 (7th Cir. 1976). In this case, however, the trial court's oral expression of its view of the evidence was made while the court and counsel were apparently discussing the proper response to two inquiries the jury had in the course of their deliberations.

This was long after the close of all the evidence and even after the case had been submitted to the jury. The latest that plaintiffs' attorney could have timely made or renewed a directed verdict motion was just *before* the case had been submitted to the jury. Consequently, plaintiffs' attorney cannot seriously claim that the trial court's assessment of the case at this stage of the trial had any affect on his failure to make the prerequisite motion. Under these circumstances plaintiffs' attorney cannot be excused from having failed to make the prerequisite directed verdict motion.

## ISSUE II

Alvin's second contention is that the evidence was sufficient to support the jury's verdict and that the trial court should not have granted the j.n.o.v. As we have already said, plaintiffs' failure to make the prerequisite motion for a directed verdict deprived the trial court of the power to consider plaintiffs' motion for j.n.o.v. Both of these motions present questions of the sufficiency of the evidence to support a jury verdict. *Compare Pearson v. Adams,* 279 N.W.2d 674 (S.D.1979) (directed verdict motion required to preserve issue of the sufficiency of the evidence for review) with *Sabag v. Continental South Dakota,* 374 N.W.2d 349 (S.D.1985) (motion for j.n.o.v. relates back to the grounds asserted in motion for directed verdict); *see generally,* 5A *Moore's Federal Practice* § 50.07(2). Thus, because the trial court could not consider the sufficiency of the evidence on the motion for j.n.o.v. in the first place, we find it unnecessary to consider the issue of the sufficiency of the evidence in disposing of the appeal.

## OTHER MATTERS

Defendant also argues that the trial court erroneously gave a particular instruction and failed to admit certain evidence. Because these arguments are unaccompanied by citations to any authorities the issues are waived and we will not consider them. *E.g., Estate of Smith,* 401 N.W.2d 736 (S.D.1987).

The trial court's judgment notwithstanding the verdict is reversed and the case is

remanded with directions to reinstate the jury's verdict.

HENDERSON, J., and FOSHEIM, Retired J., concur.

WUEST, C.J., concurs in part and dissents in part.

SABERS, J., dissents.

MILLER, J., not having been a member of the court at the time this action was submitted to the court, did not participate.

WUEST, Chief Justice (concurring in part, dissenting in part).

I concur except we should remand directing the trial court to enter judgment for $2,000.00 with interest since the defendants admitted they owed $2,000.00.

SABERS, Justice (dissenting).

I dissent from the instructions on remand only. In fairness to all parties, we should remand for a new trial or for judgment for plaintiffs in the amount of $2,000, with interest. This would be in accordance with defendant's admissions in the pleadings, the jury argument, and in the court's instructions that he owed $2,000.