**Marcellin L. SMITH, Individually and as Father and Next Friend of Eric Smith, a minor, Appellant,**

**v.**

**Floyd Jay FERREL and Shirley M. Ferrel, d/b/a Lakeside Manor Park a/k/a Harrah's Lake, Appellees.**

No. 87–2136.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1988.

Decided Aug. 1, 1988.

Jack L. Brooks, Moline, Ill., for appellant.

Mark A. Woolums, Davenport, Iowa, for appellees.

Before JOHN R. GIBSON and BEAM, Circuit Judges, and BENSON,* Senior District Judge.

BENSON, Senior District Judge.

This is an appeal from a judgment of dismissal entered on a jury verdict and from post trial motions for judgment notwithstanding the verdict and for a new trial in a 28 U.S.C. § 1332 diversity action. Marcellin L. Smith, a citizen of the state of Illinois, individually and as father and next friend of Eric Smith, a minor, brought suit against Floyd Jay Ferrel and Shirley M. Ferrel, citizens of the state of Iowa, doing business as Lakeside Manor Park, a/k/a Harrah's Lake, for damages arising out of injuries incurred by Eric in a diving accident at Harrah's Lake.

## I. BACKGROUND

The Ferrels owned and operated Harrah's Lake, a recreational facility in Iowa which was open to the public on an admission fee basis. The lake was man-made and covered an area of approximately one acre. It was utilized by the public for sunbathing, swimming, diving, and miscellaneous water games. On June 12, 1984, Eric Smith, 16 years of age, and two of his friends drove to the lake, paid the admission fee, parked their car, and changed into their bathing suits in preparation for an afternoon of recreation. After a brief interval of visiting, Eric followed two others in a dive from the eastern bank into a shallow area of the lake. Eric struck the bottom and suffered a severe injury to his spine, which was described as a broken neck, C3 and C4.

Appellants brought suit for damages. The case was grounded on alleged negligence in a failure to properly supervise the lake and to warn guests that diving in the lake where Eric Smith dived was dangerous due to shallow water. The case was submitted to the jury on special interrogatories, the first of which was, "Were Floyd Jay Ferrel or Shirley M. Ferrel, doing business as Lakeside Manor Park negligent?" The jury's answer to the interrogatory was "no." The remaining interrogatories which related to proximate cause, comparative negligence and damages were not answered, having been mooted by the jury's answer to the first one.

Judgment of dismissal was entered on the verdict, and thereafter appellants filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. F.R.Civ.P. 50(b) and 59. The motions were denied.[1] This appeal followed. We affirm.

## II. ISSUES

Appellants statement of issues may be summarized as:

1. whether the jury's verdict is supported by substantial evidence, and

2. whether the district court's jury instruction No. 18 constitutes reversible error.

### A. Sufficiency of the Evidence

■ The record discloses that a motion for directed verdict was not made at the close of all the evidence and appellant therefore cannot question the sufficiency of the evidence either before the district court through a motion for judgment notwithstanding the verdict or on appeal. F.R.Civ.P. 50(b); *Myers v. Norfolk Live-*

---

* THE HONORABLE PAUL BENSON, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Ronald E. Longstaff, United States Magistrate for the Southern District of Iowa presided at trial. *See* 28 U.S.C. § 636(c)(1).

*stock Market, Inc.*, 696 F.2d 555, 558–59 (8th Cir.1982). A liberal construction of the pleadings indicates the issue of the sufficiency of the evidence was raised on appellant's motion for a new trial and may be considered in this court's determination as to whether the district court abused its discretion in denying the new trial motion. *Harris v. Zurich Insurance Co.*, 527 F.2d 528, 529–30 (8th Cir.1975). We find no abuse of discretion in the denial of the motion for a new trial.

In *Cerro Gordo Charity v. Fireman's Fund Am. Life Ins.*, 819 F.2d 1471 (8th Cir.1987), this court set out the standards of review of a jury's finding:

> On appeal, we will overturn a jury verdict only where the evidence is susceptible to no reasonable inferences sustaining it.... Evidence is to be considered in the light most favorable to the verdict. The prevailing party is to be given the benefit of all reasonable inferences that can be drawn from the evidence, and factual disputes are to be decided in favor of the verdict.

*Id.* at 1485 (citations omitted).

The Iowa substantive tort law applicable to duty owed by a proprietor of a place of amusement to its customers has been stated as follows:

> The law is well established that a proprietor of a place of public amusement or entertainment is held to a stricter account for injuries to patrons than the owner of private premises generally. He is not an insurer of the safety of patrons but owes to them only what, under the particular circumstances, is ordinary and reasonable care. He must guard them not only against dangers of which he had actual notice but also against those he should reasonably anticipate. Failure to carry out such duty is negligence.

*Parsons v. Nat. Dairy Cattle Congress*, 277 N.W.2d 620, 623–24 (Iowa 1979) (citation omitted). The Iowa court also stated that, "In almost all cases this question of due care, under the circumstances, is a question for the jury." *Id.* at 624 (citation omitted).

■ The evidence in this case is clearly sufficient to support the verdict. Considered in the light most favorable to the prevailing party, giving the prevailing party the benefit of all reasonable inferences that could be drawn from the evidence, and assuming that all conflicts in the evidence were resolved by the jury in favor of the defendants, the jury could have found the evidence to be as follows:

On the date and time of the accident there were 50 to 75 persons in the swimming area. The eastern bank was the busiest area of the lakeshore and was a gathering place for teenagers playing games, visiting, and swimming. Diving towers were located near the middle of the lake where the water was deep. Swimmers were going in and out of the water from the shore.

The grassy area of the bank extended in a gradual slope almost to the water's edge. The water at the edge of the lake was only six to twelve inches deep and swimmers would have to walk into the water before beginning to swim. The depth of the water ten feet out from the bank ranged from thirteen inches to nineteen inches. The shallow depth of the water was easily observed by watching the activities of the bathers. Swimmers who ran from the eastern bank to dive into the water would go into the water until it was knee deep and then do a flat dive. Eric Smith was a very good, experienced swimmer and diver. At the time he went into the lake he was preceded by two other boys, each of whom ran into the water and did a flat dive without serious consequences. There was an inflated combine-tractor type inner tube large enough to float three people lying on the grass by the edge of the water at the point where Eric made his dive. Eric, following the other two, raced down the slope at nearly full speed. As he approached the tube, he dived up into the air over the inner tube and, with his arms at his side, did a head first entry into the water close to the shore. The injury resulted.

There was no evidence that appellees violated any applicable regulations or guidelines in the operation or maintenance of the recreational facility. Running into a lake

or body of water and doing flat dives or plunging dives after entering the water is a very common activity and not generally regulated.

The lake had approximately 825 feet of shoreline. There were four lifeguards on duty, one on each side of the lake. The presence of four lifeguards to supervise the number of bathers present at appellees' facility at that particular time was described by their expert witness as a very astute operation in terms of the safety of the people involved.

On the evidence before it, the jury could have concluded that the run and dive of Eric Smith in this case was not a reasonably foreseeable risk that could have been eliminated through the placing of signs or stationing of additional lifeguards.

### B. Instruction No. 18

■ Appellant asserts that the district court's jury instruction No 18 was reversible error. The instruction was phrased as follows:

One who engages in water sports is deemed to assume the reasonably foreseeable risks inherent in the activity. In this case Eric Smith has the duty to take precautions commensurate with the potential dangers involved which he knew or should have known existed at Harrah's Lake under all the circumstances.

Appellees assert that appellant's objection at trial to Instruction No. 18 failed to comply with Rule 51 of the Federal Rules of Civil Procedure. The rule provides in pertinent part:

No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objections.

F.R.Civ.P. 51.

The substance of appellant's objection was stated by their counsel as follows:

I am objecting to this instruction for the reason that I believe it misstates the duty that a minor would have under the circumstances shown by this case, where he is an invitee, not a participant. He is a user of a public facility where the owner has certain obligations to supervise and warn, et cetera, which is not stated here.

The first sentence of the court's instruction No. 18 appears to misstate Iowa law as expressed in *Rosenau v. City of Estherville*, 199 N.W.2d 125 (Iowa 1972):

We hold that in a common-law tort case in which defendant raises the issue of plaintiff's negligence, the elements of "assumed risk" shall no longer be pled and instructed on as a separate defense. The facts of the case, as they bear on the reasonableness of plaintiff's conduct, may well be proper affirmative allegations of plaintiff's negligence in the answer.... If the required record is made, the issue would be appropriate in an instruction on whether a reasonably prudent man in the exercise of due care (a) would have incurred the known risk and (b) if so, whether in the light of all the circumstances (including the appreciated risk) he would have conducted himself in the manner in which plaintiff acted. Of course, other contributory negligence instructions may also be warranted by the evidence.

We thus abolish assumption of risk as a separate defense in all cases in which contributory negligence is now available as a defense. We retain assumption of risk as a defense in other cases.

*Id.,* at 133 (citations omitted).

Appellant's objection fails to comply with Rule 51. It was not "sufficiently specific to bring into focus the precise nature of the alleged error." *Wilson v. Crouse–Hinds Co.,* 556 F.2d 870, 875 (8th Cir.), *cert. denied,* 434 U.S. 968, 98 S.Ct. 513, 54 L.Ed.2d 455 (1977), *quoting Palmer v. Hoffman,* 318 U.S. 109, 119, 63 S.Ct. 477, 483, 87 L.Ed. 645 (1943). Assuming for the sake of argument the sufficiency of the objection, the issue of the plaintiff's duties or responsibilities, if any, was not reached by the jury because it found no negligence on the part of the defendants. Therefore, the error in the instruction, if any, was harmless error.

The judgment of the district court is affirmed.