980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
MISSOURI BRONZE WHOLESALE, INC., Appellant,
v.
FIRST STATE INSURANCE COMPANY, Appellee.
 No. 92-2130.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 3, 1992.
Filed: December 8, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Missouri Bronze Wholesale, Inc. (Missouri Bronze) appeals the judgment entered by the magistrate judge[1] following a jury verdict in favor of First State Insurance Company (First State) in this diversity action alleging failure to pay on an insurance policy. Missouri Bronze filed an insurance claim after reporting the theft of its inventory of bronze statues. It argues on appeal that insufficient evidence was introduced with respect to First State's affirmative defenses of failure to cooperate and fraud. Missouri Bronze also argues that First State is estopped from using an affirmative defense based upon Missouri Bronze's failure to install a central alarm system.
 
 
 2
 "Under Fed. R. Civ. P. 50(b), a litigant's motion for judgment notwithstanding the verdict may not be entertained unless the movant previously sought a directed verdict at the close of all the evidence. Where this prerequisite is not satisfied, a party cannot question the sufficiency of the evidence either before the district court through a motion for judgment notwithstanding the verdict or an appeal." Myers v. Norfolk Livestock Market, Inc., 696 F.2d 555, 558 (8th Cir. 1982) (citations omitted). The 1991 amended version of Rule 50(b) changed the terminology, but not the procedural prerequisite to filing a post-verdict motion. See Fed. R. Civ. P. 50 advisory committee's note on 1991 Amendment. We conclude that, because Missouri Bronze did not move for judgment at the close of all evidence, it was "precluded from presenting its motion for judgment notwithstanding the verdict, and this court may not entertain the claim of insufficient evidence raised therein." Myers, 696 F.2d at 559. An instruction based on Missouri Bronze's failure to install a central alarm system was not offered to the jury.
 
 
 3
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c)(3)