67 F.3d 303
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Earnest CONROD, Jr., Appellant,
v.
Roger B. DAVIS, Missouri State Police, Appellee.
 No. 94-1881.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 27, 1995.
Filed: Sept. 25, 1995.
 
 Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Earnest Conrod, Jr., appeals from the final judgment entered in the District Court for the Eastern District of Missouri, upon a jury verdict, in favor of defendant Roger B. Davis in this civil rights action. For reversal, Conrod argues the district court abused its discretion in not initially appointing counsel and, after Conrod obtained private counsel who agreed to represent him provided he would have time to prepare for trial, in not granting a continuance for that purpose. Conrod also contends the district court erroneously instructed the jury and the verdict was against the weight of the evidence. For the reasons discussed below, we reverse and remand for further proceedings.
 
 
 2
 Having carefully reviewed the record in this matter, we conclude the district court abused its discretion in denying Conrod a continuance to enable his counsel to prepare for and represent him at trial. See Myers v. Norfolk Livestock Mkt., Inc., 696 F.2d 555, 557 (8th Cir.1982) (standard of review). We also conclude the district court abused its discretion in not appointing counsel after permitting Conrod's counsel to withdraw, thus requiring Conrod to proceed pro se in this factually and legally complex 42 U.S.C. Sec. 1983 action. See Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir.1995) (standard of review); Abdullah v. Gunter, 949 F.2d 1032, 1036 n.5 (8th Cir.1991), cert. denied, 504 U.S. 930 (1992). The district court had a responsibility after denying Conrod's initial request for appointed counsel "to be alert to the possibility that, because of procedural complexities or other reasons," later developments may have required the appointment of counsel. See Williams v. Carter, 10 F.3d 563, 567 (8th Cir.1993).
 
 
 3
 On remand, the district court should appoint counsel to represent Conrod. While we do not comment on the merits of Conrod's action, we question whether the administrative forfeiture may have limited his ability to recover damages. See generally In re Harper, 835 F.2d 1273, 1274-75 (8th Cir.1988) (legality of seizure should be tested in forfeiture proceedings).
 
 
 4
 Accordingly, the judgment of the district court is reversed and the matter remanded for further proceedings consistent with this opinion.