# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3791

_____

| | | |
|---|---|---|
| Devon Smith, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Quality Furniture, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: February 2, 2001
Filed: April 27, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Devon Smith appeals following the district court's[1] grant of judgment as a matter of law to his former employer in his employment-discrimination action. Having reviewed the record (including the trial transcript) and the parties' appellate submissions, we affirm.

We conclude first that the district court properly dismissed Smith's claim of

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

systemic discrimination as not administratively exhausted. See Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (prior to filing federal lawsuit, Title VII plaintiff must exhaust administrative remedies by filing timely Equal Employment Opportunity Commission charge and receiving notice of right to sue; plaintiff will be deemed to have exhausted administrative remedies as to allegations that are like or reasonably related to substance of charge). We further conclude the district court did not abuse its discretion in denying Smith's (1) motion for appointed counsel, see Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998); (2) motion for continuance, see Myers v. Norfolk Livestock Mkt., Inc., 696 F.2d 555, 557-58 (8th Cir. 1982); (3) request to subpoena a nonparty's cellular telephone records, see United States v. Oates, 173 F.3d 651, 658 (8th Cir.), cert. denied, 528 U.S. 890 (1999); or (4) oral request during trial to subpoena witnesses, see id.; E.D. Mo. L.R. 2.06(C)(1). Likewise, we find no abuse of discretion in the court's exclusion of certain hearsay testimony. See Anderson v. Genuine Parts Co., 128 F.3d 1267, 1270 (8th Cir. 1997).

To the extent that Smith contends the district court erred in granting judgment as a matter of law to Quality Furniture on his discrimination claim, we reject this argument as meritless. See Clearwater v. Indep. Sch. Dist. No. 166, 231 F.3d 1122, 1126-27 (8th Cir. 2000) (direct evidence of discrimination requires showing that actual motive behind termination was racial animus, and indirect evidence requires showing that members of other racial groups were treated more favorably); Hawkins v. City of Farmington, 189 F.3d 695, 700-01 (8th Cir. 1999) (de novo standard of review). Finally, we deny Smith's request for appointment of counsel on appeal.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.